# United States Court of Appeals
## For the First Circuit

No. 02-1362

FRANCISCO ANTONIO AQUINO-ENCARNACION,

Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

APPEAL FROM THE BOARD

OF IMMIGRATION APPEALS

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

Vincent J. Cammarano and Cammarano & Associates on Response to
Show Cause Order for appellant.

July 23, 2002

**Per Curiam**.    Mr. Aquino-Encarnacion is a native and citizen of the Dominican Republic.   Prior to initiation of deportation proceedings, his immigration status was that of a lawful permanent resident.   In 1998, Aquino was convicted in the trial court of the Commonwealth of Massachusetts of receiving stolen property worth over $250 and of receiving a stolen motor vehicle, in violation of Mass. Gen. Laws ch. 266 §§ 60 and 28 (2001). The Immigration and Naturalization Service charged that Aquino is subject to removal under 8 U.S.C. § 1227(a)(2)(A)(i), as an alien convicted of a crime of moral turpitude, committed within five years of the date of admission, for which a sentence of one year or longer may be imposed.    The Immigration Judge entered an order of deportation, which was upheld on appeal by the Board of Immigration Appeals. Aquino is scheduled to be deported in the near future.

Aquino has petitioned for review of that decision and has requested a stay of deportation pending review. He challenges the decision of the BIA on the ground that the Board misinterpreted 8 U.S.C. § 1227(a)(2)(A)(i) in determining that he is deportable. That provision states:

> Any alien who -
> (I) is convicted of a crime involving moral turpitude committed within five years ... after the date of admission [to this country], and
> (II) is convicted of a crime for which a sentence of one year of longer may be imposed,
> is deportable.

Aquino concedes that he was initially sentenced to probation for one year for each offense, the terms to run concurrently. However, in July, 2000, his sentence was reduced to 11 months' probation for each offense, to run concurrently, deemed served. He argues that as a result of this reduction, the deportation provision does not encompass his case because subclause (II) refers to the sentence that has actually been imposed upon conviction of a crime of moral turpitude. However, this interpretation must be rejected.

The language at issue was inserted into the immigration statutes by § 435(a) of the Antiterrorism and Effective Death Penalty Act of 1996. Prior to this amendment, subclause II read:

> either is sentenced to confinement or is confined therefor in a prison or correctional institution for one year or longer.

If Congress intended deportability resting on the commission of a crime of moral turpitude to turn on the sentence imposed or served, rather than the sentence to which commission of the offense exposed a violator, there would have been no reason to replace the earlier language with the new subclause II:

> is convicted of a crime for which a sentence of one year or longer may be imposed....

Accord, United States v. Qadeer, 953 F.Supp. 1570, 1580 (S.D.Ga. 1997).

The decision of the Board of Immigration Appeals is affirmed.

-3-