# United States Court of Appeals
## For the First Circuit

No. 05-2633

MARCO SILVA,

Petitioner,

v.

ALBERTO R. GONZALES, ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE BOARD
OF IMMIGRATION APPEALS

Before

Selya, Lynch and Lipez,
Circuit Judges.

Jeffrey B. Rubin and Law Offices of Jeffrey B. Rubin, P.C. on
brief for petitioner.
Peter D. Keisler, Assistant Attorney General, Greg D. Mack,
Senior Litigation Counsel, and Margot L. Nadel, Attorney, Office of
Immigration Litigation, Civil Division, on brief for respondent.

July 14, 2006

**SELYA**, **Circuit Judge**.  The petitioner, Marco Silva, is a Portuguese national and a lawful permanent resident of the United States.  He seeks judicial review of a final order of the Board of Immigration Appeals (BIA) finding him removable by reason of his commission of an aggravated felony under the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(2)(A)(iii).  Concluding, as we do, that the petitioner's conviction for statutory rape constituted a conviction for an aggravated felony, we deny and dismiss his petition for review.

The facts are straightforward.  The petitioner, then seven years of age, was admitted to the United States as a lawful permanent resident on April 23, 1985.  On February 25, 2000, he pleaded guilty to a charge of statutory rape in the Bristol County (Massachusetts) Superior Court.[1]  The offense involved a fourteen-year-old girl.  The presiding judge sentenced the petitioner to

---

[1]The statute of conviction, entitled "Rape and Abuse of a Child," provides in pertinent part:

> Whoever unlawfully has sexual intercourse or unnatural sexual intercourse, and abuses a child under sixteen years of age shall, for the first offense, be punished by imprisonment in the state prison for life or for any term of years, or, except as otherwise provided, for any term in a jail or house of correction . . . provided, however, that a prosecution commenced under the provisions of this section shall not be placed on file or continued without a finding.

Mass. Gen. Laws ch. 265, § 23.

lifetime probation and ordered him to stay away from children under the age of sixteen.

In short order, the Immigration and Naturalization Service (INS), citing the petitioner's conviction for an aggravated felony, initiated removal proceedings against him.[2] See 8 U.S.C. § 1227(a)(2)(A)(iii). The petitioner did not dispute the fact of the underlying conviction but nonetheless denied that he was removable as an aggravated felon and cross-applied for termination of the removal proceedings. After conducting an evidentiary hearing, an Immigration Judge (IJ) found that the petitioner's state-court conviction was "first of all, for the crime of rape" and, therefore, constituted a conviction for an aggravated felony within the purview of the INA. Taking a belt-and-suspenders approach, the IJ ruled that the conviction was also one "for the crime of abuse of a child" and qualified under the aggravated felony rubric on that basis as well. Accordingly, the IJ denied the request for termination of the removal proceedings and ordered the petitioner removed to Portugal.

The petitioner appealed. On September 30, 2005, the BIA summarily affirmed the IJ's decision. This timely petition followed. Where, as here, the BIA summarily affirms an IJ's

_____

[2]The Homeland Security Act of 2002, Pub. L. No. 107-296, § 471, 116 Stat. 2135, 2205 (codified as amended at 6 U.S.C. § 291), abolished the INS and transferred its duties to the Department of Homeland Security. See Lattab v. Ashcroft, 384 F.3d 8, 13 n.2 (1st Cir. 2004). For simplicity's sake, we refer throughout to the INS.

decision, we review the latter decision as if it were the progeny of the BIA.  See Olujoke v. Gonzales, 411 F.3d 16, 21 (1st Cir. 2005).

Under the INA, as amended by the REAL ID Act of 2005,[3] "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense [including an aggravated felony]."  8 U.S.C. § 1252(a)(2)(C).  As an exception to this express jurisdictional bar, the statute permits judicial review of a removal order to the extent that an alien raises legal or constitutional questions.  See id. § 1252(a)(2)(D); see also Mehilli v. Gonzales, 433 F.3d 86, 92 (1st Cir. 2005).

Here, the petitioner argues that the IJ erred in characterizing his state-court conviction as one for an aggravated felony.  Because this argument poses an abstract legal question, we have jurisdiction to entertain it.  See Aguiar v. Gonzales, 438 F.3d 86, 88 (1st Cir. 2006).  Our review is de novo.  See id.; Urena-Ramirez v. Ashcroft, 341 F.3d 51, 53-54 (1st Cir. 2003).

The INA provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."  8 U.S.C. § 1227(a)(2)(A)(iii).  The Act enumerates a roster of

---

[3]The relevant section of the REAL ID Act took effect immediately upon enactment on May 11, 2005.  It applies to final orders of removal issued "before, on, or after" that date. REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, § 106(b), 119 Stat. 231, 310-11 (codified at 8 U.S.C. § 1252).

offenses that fit within the compass of the term "aggravated felony." See id. § 1101(a)(43). Included at the head of this compendium are "murder, rape, [and] sexual abuse of a minor." Id. § 1101(a)(43)(A).

Before us, the petitioner vigorously attacks the IJ's "aggravated felony" holding. He asseverates that statutory rape does not constitute "sexual abuse of a minor" within the meaning of 8 U.S.C. § 1101(a)(43)(A). Building on that foundation, he then asseverates that his conviction is not for an aggravated felony.[4] These asseverations overlook that the IJ's decision rests on an independently adequate and unchallenged ground: a determination that the petitioner had been convicted of "rape" — a specifically enumerated offense under 8 U.S.C. § 1101(a)(43)(A). The petitioner has not in any way, shape, or form challenged that determination, nor has he challenged the IJ's corollary determination that he was removable, as an aggravated felon, on that basis.

We have held, with a regularity bordering on the monotonous, that litigants have "an obligation to spell out [their]

---

[4]The petitioner also asserts that his conduct did not otherwise amount to the commission of a "crime of violence" within the purview of 8 U.S.C. § 1101(a)(43)(F). This is a peculiar argument. While 8 U.S.C. § 1101(a)(43)(F) treats crimes of violence as aggravated felonies, the INS never charged the petitioner with removeability under that provision, nor did the IJ find the petitioner removable pursuant to it. Thus, the petitioner, in mounting a "crime of violence" argument, is setting up and then attempting to topple a straw man. Consequently, we pay no heed to that aspect of his asseverational array.

arguments squarely and distinctly, or else forever hold [their] peace." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (citations and internal quotation marks omitted); see Redondo-Borges v. U.S. Dep't of Hous. and Urban Dev., 421 F.3d 1, 6 (1st Cir. 2005) (explaining that a "reviewing court cannot be expected to do counsel's work, create the ossature for the argument, and put flesh on its bones") (citation and internal quotation marks omitted); Sandstrom v. ChemLawn Corp., 904 F.2d 83, 87 (1st Cir. 1990) (concluding that arguments not made in a party's opening brief are deemed waived on appeal). By not setting out any developed argumentation to contradict the IJ's classification of his conviction as a conviction for rape, the petitioner has waived any challenge to that determination.

To cinch matters, the petitioner never challenged the classification of his state crime as a rape (and, thus, as an aggravated felony) before the BIA. That omission constitutes a breach of the INA's exhaustion requirement. See 8 U.S.C. § 1252(d)(1) (limiting review of a final order of removal to circumstances in which "the alien has exhausted all administrative remedies available to [him] as of right"). When an argument could have been, but was not, advanced before the BIA, we consistently have rejected belated efforts to resurrect the foregone argument on judicial review, deeming such efforts barred by non-exhaustion principles. See, e.g., Roberts v. Gonzales, 422 F.3d 33, 37 n.2

-6-

(1st Cir. 2005); <u>Opere</u> v. <u>INS</u>, 267 F.3d 10, 14 (1st Cir. 2001); <u>Prado</u> v. <u>Reno</u>, 198 F.3d 286, 292 (1st Cir. 1999). Those holdings apply here: because the petitioner, before the BIA, never contested the IJ's determination that his conviction constituted a conviction for rape, non-exhaustion principles bar further review.

We add a coda. Even if this argument had been preserved — which it was not — it would have been unavailing. By its plain terms, the INA provides that "rape" is an aggravated felony. <u>See</u> 8 U.S.C. § 1101(a)(43)(A). "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." <u>Conn. Nat'l Bank</u> v. <u>Germain</u>, 503 U.S. 249, 253-54 (1992). When, as in this instance, the statutory language is unambiguous and the result required by the text is not chimerical, the proper province of the court is to enforce the statute according to its tenor. <u>Hartford Underwriters Ins. Co.</u> v. <u>Union Planters Bank, N.A.</u>, 530 U.S. 1, 6 (2000); <u>Lopez-Soto</u> v. <u>Hawayek</u>, 175 F.3d 170, 172 (1st Cir. 1999).

That ends the matter. Here, the statute of conviction, Mass. Gen. Laws ch. 265, § 23, specifically terms the crime of conviction "[r]ape." Under the explicit language of the INA, all rape — including statutory rape — comes within the aggravated felony taxonomy. <u>See</u> 8 U.S.C. § 1101(a)(43)(A); <u>see</u> <u>also</u> <u>Mattis</u> v. <u>Reno</u>, 212 F.3d 31, 34-35 (1st Cir. 2000) (superseded on other grounds) (holding that "statutory rape . . . is an aggravated

-7-

felony under INA § 101(a)(43)(A)"). It follows inexorably that the petitioner's state-court conviction was properly classified as a conviction for an aggravated felony.

To be sure, the petitioner contends that his offense cannot be regarded as an aggravated felony because of the circumstances of the particular crime. In this regard, he emphasizes that his relationship with the victim was consensual. This sortie is easily repulsed: consent is not a defense to a charge of statutory rape. See Commonwealth v. Elder, 452 N.E.2d 1104, 1111 n.14 (Mass. 1983). Rather, the law conclusively presumes that a minor cannot give meaningful consent. See Aguiar, 438 F.3d at 90. The fact of consent is, thus, irrelevant in this case.

We can go no further. The petitioner's challenge to the factual circumstances underlying the IJ's order of removal is beyond our jurisdiction. See 8 U.S.C. § 1252(a)(2)(C); see also Aguiar, 438 F.3d at 88. Since we have reached the conclusion that the petitioner was convicted of rape — an aggravated felony — we have no jurisdiction to consider on direct review any fact-based claim embedded in his petition.

**The petition for review is denied and dismissed.**

-8-