Jayson Dofredo GOMINTONG,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–71701.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2007*.

Filed Sept. 12, 2007.

District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James E. Grimes, Esq., Anh–Thu P. Mai, Esq., Melissa Neiman–Kelting, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: D.W. NELSON, CALLAHAN, and BEA, Circuit Judges.

MEMORANDUM **

Jayson Dofredo Gomintong challenges the Board of Immigration Appeal's (BIA) order dismissing his appeal and denying his motion to remand to the Immigration Court. He challenges the BIA's conclusion that he is an arriving alien "seeking admission" into the United States under 8 U.S.C. § 1101(a)(13)(C)(v) based on his controlled substance conviction. He also advances an equal protection argument. We review questions of law de novo. *Chavez–Perez v. Ashcroft,* 386 F.3d 1284, 1287 (9th Cir.2004).

Gomintong argues that the holding in *Rosenberg v. Fleuti,* 374 U.S. 449, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963), that a legal permanent resident (LPR) does not "enter" the United States by virtue of taking an "innocent, casual and brief" trip abroad ("the *Fleuti* doctrine"), survives the passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA). This argument is foreclosed by

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Camins v. Gonzales,* 500 F.3d 872 (9th Cir.2007). There, we held that § 1101(a)(13), as rewritten by IIRIRA, abrogated the *Fleuti* Doctrine. Accordingly, the BIA did not err by concluding that Gomintong was ineligible to adjust his status as a matter of law.

Gomintong also argues that § 1101(a)(13) violates the Equal Protection Clause by distinguishing between LPRs who are convicted of misdemeanor possession of marijuana of less than 30 grams and leave the United States briefly, and LPRs convicted of the same misdemeanor marijuana offense but who do not leave the United States. We disagree.

The Supreme Court has recognized that an LPR who briefly leaves the country is not entitled to the same rights as an LPR who remains in the country. *Landon v. Plasencia,* 459 U.S. 21, 31, 103 S.Ct. 321, 74 L.Ed.2d 21 (1982) (while "a resident alien returning from a brief trip has a right to due process just as would a continuously present resident alien, [Supreme Court authority] did not create a right to identical treatment for these two differently situated groups of aliens").

Moreover, Ninth Circuit authority supports a conclusion that IIRIRA's distinction between LPRs who remain in the country and those who travel abroad, albeit briefly, is not wholly irrational. *See Raya–Ledesma v. INS,* 55 F.3d 418, 420 (9th Cir.1995) (concluding that Congress could differentiate between similarly situated LPRs based on the duration of their domicile in the United States); *Servin–Espinoza v. Ashcroft,* 309 F.3d 1193, 1198 (9th Cir.2002) (noting that the immigration laws generally treat aliens "who are already on our soil" more favorably than

aliens who are merely seeking admission); *see also Malagon de Fuentes v. Gonzales,* 462 F.3d 498, 504–05 (5th Cir.2006) (rejecting the equal protection argument raised by Gomintong and explaining that it is "hardly irrational to attach legal detriment to leaving the country"). Accordingly, we conclude that Gomintong's equal protection rights were not violated.

Petition for review **DENIED.**[1]

---

1. We reject the government's argument that this petition for review should be dismissed for lack of jurisdiction because Gomintong is a criminal alien. *See Cardoso–Tlaseca v. Gon-* *zales,* 460 F.3d 1102, 1103–04 (9th Cir.2006) (explaining that, in accordance with the Real ID Act, the court has jurisdiction over questions of law advanced by criminal aliens).