# United States Court of Appeals
## For the First Circuit

No. 08-1442

VINICIO MEJIA-RODRIGUEZ,

Petitioner,

v.

ERIC H. HOLDER, JR.,[*] ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Selya and Boudin, Circuit Judges.

Jose A. Espinosa for petitioner.
James E. Grimes, Senior Litigation Counsel, Office of
Immigration Litigation, Gregory G. Katsas, Assistant Attorney
General, Civil Division, and Linda S. Wernery, Assistant
Director, for respondent.

February 25, 2009

---

[*]    Pursuant to Fed. R. App. P. 43(c)(2), Attorney General
Eric H. Holder, Jr. has been substituted for former Attorney
General Michael B. Mukasey as the respondent.

**LYNCH**, **Chief Judge**.  In this immigration case, petitioner Vinicio Mejia-Rodriguez seeks review of a final order of removal, arguing that the Board of Immigration Appeals ("BIA") erred in finding that (1) he was not eligible for an exception to the inadmissibility rules for those who have committed certain crimes and that (2) he was ineligible for discretionary relief from removal by the Attorney General.  The petition does involve one issue which this court has not addressed before: the definition of "maximum penalty possible" in 8 U.S.C. § 1182(a)(2)(A)(ii)(II), the petty offense exception to 8 U.S.C. § 1182(a)(2)(A)(i)(I), which otherwise renders inadmissible aliens who have committed crimes of moral turpitude.  On that point, we hold that the term "maximum penalty possible" is determined in reference to the relevant statutory range of imprisonment and not the federal Sentencing Guidelines range.  In this we agree with the Ninth Circuit Court of Appeals.  See Mendez-Mendez v. Mukasey, 525 F.3d 828, 832-35 (9th Cir. 2008).  We deny the petition for review.

Mejia-Rodriguez, who is from the Dominican Republic, became a lawful permanent resident of the United States on August 14, 1994.  He abused this privilege by committing two felonies.  He was convicted on May 28, 1999 of selling telecommunication devices altered to obtain unauthorized use of services, in violation of 18 U.S.C. § 1029(a)(7), and of conspiracy to commit fraud in connection with access devices, in violation of 18 U.S.C.

-2-

§ 1029(b)(2). These crimes require proof of an intent to defraud. The statutory maximum sentence was ten years' imprisonment for the first offense, id. § 1029(c)(1)(A)(i), and five years' imprisonment for the second, id. § 1029(b)(2), (c)(1)(A)(i). His actual sentence was three years' probation.

Mejia-Rodriguez later left the United States and then applied for admission into the country at Logan Airport in Boston on February 28, 2005. Lawful permanent residents who have committed an offense under 8 U.S.C. § 1182(a)(2) are considered to be arriving aliens when they present themselves for admission into the United States. See 8 U.S.C. § 1101(a)(13)(C)(v); De Vega v. Gonzales, 503 F.3d 45, 46-47 (1st Cir. 2007). Because of his criminal convictions, Mejia-Rodriguez was served with a Notice to Appear, alleging that he was inadmissible and removable from the United States as an alien who has been convicted of a crime involving moral turpitude. 8 U.S.C. § 1182(a)(2)(A)(i)(I). There is no dispute that he had been convicted of crimes involving moral turpitude.

The removal hearings before an Immigration Judge ("IJ") were held on November 23, 2005, and over six months later, on June 15, 2006. Mejia-Rodriguez admitted the factual allegations and conceded removability. Not surprisingly, the IJ's June 15, 2006 decision found that Mejia-Rodriguez was removable. The decision also held that Mejia-Rodriguez was ineligible for cancellation of

removal under 8 U.S.C. § 1229b(a) because his time period of physical presence and residence in the United States stopped as a matter of law in 1997 when he committed his criminal offenses, and those offenses were less than five years from the date of Mejia-Rodriguez's admission into the United States as a lawful permanent resident. Furthermore, the IJ found that Mejia-Rodriguez was ineligible for the discretionary relief of waiver of inadmissibility under 8 U.S.C. § 1182(h) because no visa petition had been filed on his behalf and because he could not meet the family hardship requirement because he was estranged from his wife.[1]

Mejia-Rodriguez appealed to the BIA on July 13, 2006, arguing he was not removable because he fit within the petty offense exception under 8 U.S.C. § 1182(a)(2)(A)(ii)(II). He argued that the BIA must measure the "maximum penalty possible" under the exception by reference only to the Sentencing Guidelines, which suggested a sentence of four to ten months of confinement. The BIA rejected this argument and affirmed his ineligibility for cancellation of removal under § 1229b(a) and waiver under § 1182(h).

Mejia-Rodriguez's timely petition for review to this court makes three arguments. First, he claims that had he

---

[1] Mejia-Rodriguez later revealed that he and his wife were divorced.

remained in the United States and not gone out of the country, he would have been ineligible for removal and thus that his constitutional rights under the Equal Protection Clause have been violated because the distinction was irrational. Second, he argues that the petty offense exception must be read in light of the Guidelines and not the statutory maximums. Third, he alleges that he was eligible for a waiver under 8 U.S.C. § 1182(h) because he has "at least one U.S. citizen child."[2]

We have jurisdiction to review the first two claims but not the third. Our review in this case, under the REAL ID Act, is restricted to constitutional claims or questions of law. See 8 U.S.C. § 1252(a)(2)(C), (a)(2)(D); De Araujo v. Gonzales, 457 F.3d 146, 153 (1st Cir. 2006); see also Conteh v. Gonzales, 461 F.3d 45, 63-64 (1st Cir. 2006)(discussing restrictions on judicial review in cases involving waiver of inadmissibility under § 1182(h)).

The equal protection argument,[3] cursorily made, is without merit, and is based on mistakes of both law and fact. To start, Mejia-Rodriguez's argument is based entirely on the wrong section of the immigration statute. Mejia-Rodriguez asserts that the application of 8 U.S.C. § 1182(a)(2)(A)(i)(I) violated his

---

[2] Mejia-Rodriguez does not challenge the denial of cancellation of removal under § 1229b(a).

[3] Mejia-Rodriguez describes his claim in terms of due process, but it is more fairly characterized as an equal protection claim. See Malagon de Fuentes v. Gonzales, 462 F.3d 498, 503 (5th Cir. 2006).

constitutional rights because, if he had remained in the country, he would not have been subject to removal, and there is no justification for distinguishing between him and a lawful permanent resident who had not left as he did. But § 1182(a)(2)(A)(i)(I) is not relevant to this distinction. What is relevant is 8 U.S.C. § 1101(a)(13)(C)(v), which is the provision that renders him an "arriving alien" and so subject to charges of inadmissibility.

Mejia-Rodriguez's argument is also based on a factual mistake. He would have been subject to removal even if he had remained in the United States, given that he had been convicted of a crime involving moral turpitude within five years of his admission. See 8 U.S.C. § 1227(a)(2)(A)(i).

In any event, these congressionally determined categories are subject at most to rational basis review. See Almon v. Reno, 192 F.3d 28, 31 (1st Cir. 1999); see also Malagon de Fuentes v. Gonzales, 462 F.3d 498, 503-04 (5th Cir. 2006). A lawful permanent resident who departs the country and attempts to return is not similarly situated to a lawful permanent resident who never left. See Landon v. Plasencia, 459 U.S. 21, 31 (1982); United States ex rel Volpe v. Smith, 289 U.S. 422, 425-26 (1933); Malagon de Fuentes, 462 F.3d at 503-04.

His second argument concerning interpretation of the petty offense exception involves a pure issue of law and is reviewed de novo. See Elien v. Ashcroft, 364 F.3d 392, 396 (1st

-6-

Cir. 2004); see also Mendez-Mendez, 525 F.3d at 832. We will put aside the fact that the petty offense exception only applies to aliens who have committed only one crime, see 8 U.S.C. § 1182(a)(2)(A)(ii), (a)(2)(B), and Mejia-Rodriguez has committed two, to reach the merits of his argument. We will also set aside the fact that he conceded removability before the IJ and that binds him on the merits. See Qureshi v. Gonzales, 442 F.3d 985, 990 (7th Cir. 2006); Selimi v. INS, 312 F.3d 854, 860 (7th Cir. 2002).

The relevant portion of the petty offense exception provides that the inadmissibility rule for an alien who committed a crime involving moral turpitude, 8 U.S.C. § 1182(a)(2)(A)(i)(I), shall not apply if:

> The maximum penalty possible for the crime of which the alien was convicted . . . did not exceed imprisonment for one year and, if the alien was convicted of such crime, the alien was not sentenced to a term of imprisonment in excess of 6 months . . . .

8 U.S.C. § 1182(a)(2)(A)(ii)(II). The statute itself makes no reference to the Sentencing Guidelines. The language of the statute plainly refers to the "maximum penalty possible" and that maximum is set by statute. That maximum possible punishment is for "the crime of which the alien was convicted," a reference again to the statute of conviction. See Mendez-Mendez, 525 F.3d at 832-35.

The fact that Mejia-Rodriguez was not actually sentenced to confinement of less than a year is irrelevant. The statutory

language is plain and requires rejection of his argument.  See Aquino-Encarnacion v. INS, 296 F.3d 56, 57 (1st Cir. 2002) (per curiam).

Mejia-Rodriguez's third argument is that he was eligible for a waiver under 8 U.S.C. § 1182(h) because he has a child who is a U.S. citizen.  This newfound claim is based on a factual assertion that was not presented to the agency.  Mejia-Rodriguez has thus failed to exhaust his administrative remedies.  See Silva v. Gonzales, 455 F.3d 26, 28-29 (1st Cir. 2006).  And had any discretionary decision been made on the facts of his case, this would not be subject to judicial review, given the restraints of 8 U.S.C. § 1252(a)(2).  See Conteh, 461 F.3d at 63-64.

The petition for review is denied.