**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 9, 2011
Decided February 17, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 10-2998

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 3:10-cr-00069-bbc-01 |
| | |
| CARMELO GARCIA-VELASQUEZ, | Barbara B. Crabb, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Carmelo Garcia-Velasquez, a Mexican citizen, has been removed from the United States five times. The fourth removal followed a Minnesota conviction for statutory rape, which Minnesota calls criminal sexual assault in the third degree. *See* Minn. Stat. § 609.344(1)(b) (defining "criminal sexual assault in the third degree" as sexual penetration of a victim "at least 13 but less than 16 years of age" by someone "more than 24 months older than the complainant"). In early 2010 he was returned to federal custody after he was arrested for criminal damage to property and for failing to register as a sex offender. The government charged Mr. Garcia-Velasquez in a one-count indictment with illegal reentry after deportation, *see* 8 U.S.C. § 1326(a). He pleaded guilty, was sentenced to 57 months' imprisonment and filed a notice of appeal. But his appointed counsel has concluded that

the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). We invited Mr. Garcia-Velasquez to respond to counsel's motion, *see* Cir. R. 51(b), and he has not. We limit our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 298 F.3d 968, 973-74 (7th Cir. 2002). We agree with counsel that the appeal is frivolous and, therefore, grant the motion to withdraw and dismiss the appeal.

Initially we note that Mr. Garcia-Velasquez has informed appellate counsel that he does not wish to have his guilty plea set aside, so counsel correctly avoids discussing the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel first examines whether the sentence could be challenged as illegally exceeding the statutory maximum. He correctly observes that the Minnesota conviction for statutory rape is an "aggravated felony" under the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(A). The INA defines an "aggravated felony" as "sexual abuse of a minor," *see* 8 U.S.C. § 1101(a)(43)(A). Mr. Garcia-Velasquez's victim, age 14, was a minor. Furthermore, federal courts consistently classify similar sexual offenses under state law as aggravated felonies. *See Gaiskov v. Holder*, 567 F.3d 832, 836-38, n.4 (7th Cir. 2009) (Indiana law); *Santos v. Gonzales*, 436 F.3d 323, 324 (2d Cir. 2006) (Connecticut law); *Silva v. Gonzales*, 455 F.3d 26, 28 (1st Cir. 2006) (Massachusetts law); *Mugalli v. Ashcroft*, 258 F.3d 52, 60-61 (2d Cir. 2001) (New York law). This classification increases the statutory maximum of Mr. Garcia-Velasquez's illegal-reentry conviction to 20 years, *see* 8 U.S.C. § 1326(b)(2). Accordingly, his 57-month sentence is well within the statutory maximum, and it would be frivolous to argue otherwise.

Counsel next considers whether the district court calculated the guideline range incorrectly. He first observes that Mr. Garcia-Velasquez had no objection to the presentencing investigation report, and suggests that his client waived a guidelines challenge. *See United States v. Brodie*, 507 F.3d 527, 531-32 (7th Cir. 2007). Assuming that Mr. Garcia-Velasquez merely forfeited an objection, and that review would be for plain error, *see United States v. Jaimes-Jaimes*, 406 F.3d 845, 848-49 (7th Cir. 2005), we nevertheless agree that a challenge to the guidelines calculation would be frivolous. Counsel observes that the probation officer increased the base offense level of 8 by 16 levels, *see* U.S.S.G. § 2L1.2(a), for the prior conviction for sexual assault in the third degree, *see* § 2L.1.2(b)(1)(A). These guideline provisions require a 16-level increase if the defendant unlawfully remained in the United States after conviction for a "crime of violence." We have determined that, in some instances, sexual assault of a child is not a "crime of violence" under the residual clause of U.S.S.G. § 4B1.2. *See United States v. McDonald*, 592 F.3d 808, 813-816 (7th Cir. 2010). Counsel, however, correctly distinguishes *McDonald* on the grounds that the residual

clause of U.S.S.G. § 4B1.2, and the question whether Mr. Garcia-Velasquez's conviction is a "crime of violence" under that provision are inapplicable here. This case turns solely on U.S.S.G. § 2L.1.2(b)(1)(A), which specifically includes "statutory rape" and "sexual abuse of a minor" as enumerated offenses qualifying as crimes of violence. *See* U.S.S.G. § 2L1.2 n. 1(B)(iii); *United States v. Vargas-Garnica*, 332 F.3d 471, 474 (7th Cir. 2003). Thus, a challenge to this guideline adjustment would be frivolous.

Finally, counsel examines whether Mr. Garcia-Velasquez could challenge the reasonableness of the sentence. After arriving at a criminal-history category of IV and a total offense level of 21 (reflecting a 3-level downward adjustment for acceptance of responsibility), the district court adopted the guidelines range of 57 to 71 months' imprisonment. It then selected a sentence at the bottom of the range. We would presume that term to be reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007). Counsel correctly sees no basis for disturbing that presumption. Before imposing the sentence, the district court considered, in mitigation, that Mr. Garcia-Velasquez first entered the United States at age 13 to earn money to send back home to Mexico and that he returned to the United States to be with his family. The court, however, in further addressing the sentencing factors in 18 U.S.C. § 3553(a), also emphasized Mr. Garcia-Velasquez's extensive criminal record. These observations show that the court meaningfully considered the factors identified in § 3553(a). *See United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005). Accordingly, we agree that it would be frivolous to challenge the sentence as unreasonable.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.