FILED
United States Court of Appeals
Tenth Circuit

March 28, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

VERA SCHUBLER,

        Petitioner,

v.

ERIC H. HOLDER, JR., Attorney
General of the United States,

        Respondent.

No. 11-9543
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

---

Vera Schubler petitions for review of a Board of Immigration Appeals

(BIA) order denying her motion for reconsideration. She contends that the

Immigration Judge (IJ) did not have jurisdiction to find her inadmissible and

order her removal. Alternatively, she claims that she is not inadmissible because

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

her conviction for a crime of moral turpitude (CIMT) qualifies for the so-called petty offense exception under 8 U.S.C. § 1182(a)(2)(A)(ii)(II).  Exercising jurisdiction under 8 U.S.C. § 1252, we find no abuse of discretion and deny the petition.

## Background

Schubler, a native and citizen of Germany, became a lawful permanent resident (LPR) in 1969.  In 1998, she was convicted of wire fraud and causing a criminal act, in violation of 18 U.S.C. §§ 1342 and 1343.  She was sentenced to supervised release and ordered to pay $75,949.22 in restitution.  Schubler briefly left the country in 2003.  On November 16, 2003, she applied for admission as an arriving alien and was paroled into the United States.[1]  The Department of Homeland Security (DHS) issued a Notice to Appear (NTA) charging Schubler with being inadmissible as an alien who has been convicted of a CIMT.  *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I).

At a hearing in August 2006, Schubler admitted the factual allegations in the NTA and conceded she was removable.  At a later hearing, in December 2006, Schubler asserted that her 1998 conviction was a nonremovable offense under the petty offense exception to inadmissibility under 8 U.S.C. § 1182(a)(2)(A)(ii)(II).

---

[1]     Despite her LPR status, Schubler was considered an alien seeking admission to the United States because she had committed an offense identified in 8 U.S.C. § 1182(a)(2).  *See* 8 U.S.C. § 1101(a)(13)(C)(v).

As relevant here, that section provides an exception to inadmissibility for aliens convicted of a CIMT "who committed only one crime if . . . the maximum penalty possible for the crime of which the alien was convicted . . . did not exceed imprisonment for one year and . . . the alien was not sentenced to a term of imprisonment in excess of 6 months." *Id.* Schubler also informed the IJ that her application to renew her LPR card was pending with the United States Office of Citizenship and Immigration Services (CIS), and that her spouse had filed an I-130 visa petition with CIS seeking to adjust her status as the immediate relative of a United States citizen.

Schubler requested, and the IJ granted, several continuances of the removal proceedings pending CIS's adjudication of the I-130 petition filed on her behalf. When the removal proceedings resumed, she reiterated her contention regarding applicability of the petty offense exception. She asserted that "the maximum penalty possible," as used in § 1182(a)(2)(A)(ii)(II), refers to the maximum sentence under the United States Sentencing Guidelines (USSG), as determined by the sentencing court. Schubler maintained that the sentencing range in her case was 6-12 months and therefore the maximum penalty possible "did not exceed imprisonment for one year." *Id.* She also argued, citing 8 C.F.R. § 1245.2(a)(1)(ii), that CIS had exclusive jurisdiction over the determination of her LPR status and, by renewing her LPR card, CIS had "admitted" her into the United States. She therefore asked the IJ to terminate the removal proceedings.

-3-

Alternatively, she asked the IJ to terminate the proceedings to allow CIS to exercise its jurisdiction over the I-130 petition, which CIS had approved.

The IJ issued a decision finding Schubler removable based on her conviction for a CIMT. The IJ rejected her contention that her 1998 conviction qualified for the petty offense exception under § 1182(a)(2)(A)(ii)(II), concluding that "the maximum penalty possible," as used in that section, refers to the maximum penalty under the statute of conviction. The IJ found that the maximum penalty under Schubler's statute of conviction, 18 U.S.C. § 1343, was 30 years' imprisonment. The IJ did not address her jurisdictional argument.

Schubler appealed the IJ's removal order to the BIA, arguing the IJ erred in construing the petty offense exception and in failing to terminate the proceedings to allow her to seek adjustment of status. The BIA dismissed her appeal. Schubler then filed a motion for reconsideration, arguing only that the BIA erred in construing the petty offense exception. The BIA denied Schubler's motion and she filed a petition for review with this court.

## Jurisdiction and Scope of Review

Our jurisdiction to review a final order of removal arises under 8 U.S.C. § 1252, but a petition for review must be filed within 30 days of the date of the order, *see* § 1252(b)(1). Therefore, to the extent that Schubler purports to raise issues related to the BIA's order dismissing her appeal, we do not have jurisdiction to review that decision because she failed to file a timely petition for

-4-

review. *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004). Consequently, we have jurisdiction to review only the BIA's denial of Schubler's motion for reconsideration. *See id.* at 1361-62 (holding motions to reopen and reconsider are subject to judicial review).

Except to the extent a petitioner raises constitutional claims or questions of law, we do not have jurisdiction to review a final order of removal against an alien who is removable on the basis that she committed a CIMT. *See* 8 U.S.C. § 1252(a)(2)(C) & (D). Schubler has not raised a constitutional claim, and this court has construed the term "questions of law" in § 1252(a)(2)(D) to include only "a narrow category of issues regarding statutory construction." *Diallo v. Gonzales*, 447 F.3d 1274, 1282 (10th Cir. 2006) (quotation omitted). Schubler's claim that her conviction qualifies her for the petty offense exception to inadmissibility under § 1182(a)(2)(A)(ii)(II) is such a question of law subject to our review.

Schubler also argues that, by renewing her LPR card, CIS made the legal determination that she qualifies for the petty offense exception. She maintains that CIS's determination should be given deference. Assuming without deciding that this contention is reviewable under § 1252(a)(2)(D), we nonetheless conclude that we may not review it because Schubler did not raise it with the BIA. *See Rivera-Zurita v. INS*, 946 F.2d 118, 120 & n.2 (10th Cir. 1991) ("Judicial review does not extend to points the alien could have made before the Board but did

-5-

not."). But we may review Schubler's related contention that the IJ lacked jurisdiction to make the petty offense determination with respect to her because CIS had exclusive jurisdiction to determine her permanent resident status and her admission as an arriving alien. Although Schubler also failed to raise this contention with the BIA, "[j]urisdictional challenges can be made by any party or the court at any time and are not subject to waiver or forfeiture." *Huerta v. Gonzales*, 443 F.3d 753, 755 (10th Cir. 2006) (stating "[w]e have jurisdiction over a case only when jurisdiction over the underlying order was proper").

**Discussion**

We review the BIA's denial of a motion for reconsideration for an abuse of discretion. *See Belay-Gebru v. INS*, 327 F.3d 998, 1000 n.5 (10th Cir. 2003). Under that standard, "any error of law is presumptively an abuse of discretion," *S. Utah Wilderness Alliance v. Bur. of Land Mgmt.*, 425 F.3d 735, 750 (10th Cir. 2005), and we review the BIA's legal determinations de novo, *Lockett v. INS*, 245 F.3d 1126, 1128 (10th Cir. 2001). We likewise review issues of jurisdiction de novo. *Huerta*, 443 F.3d at 755.

**1.**

We address Schubler's jurisdictional argument first. An IJ's authority in removal proceedings is defined by 8 U.S.C. § 1229a(a)(1), which provides: "An immigration judge shall conduct proceedings for deciding the inadmissibility . . . of an alien." That section states further that, "[u]nless otherwise specified in this

chapter, a proceeding under this section shall be the sole and exclusive procedure for determining whether an alien may be admitted to the United States." *Id.* § 1229a(a)(3). Section 1182(a) sets forth classes of aliens who are inadmissible, including those convicted of certain crimes, *see id.* § 1182(a)(2). Here, the IJ determined that Schubler was inadmissible based on her conviction for a CIMT that did not qualify her for the petty offense exception under § 1182(a)(2)(A)(ii)(II). Thus, absent a contrary provision in the same chapter, the IJ's ruling was squarely within its jurisdiction under § 1229a(a)(1).

Schubler cites 8 C.F.R. § 1245.2(a)(1)(ii), which provides: "In the case of an arriving alien who is placed in removal proceedings, the immigration judge does not have jurisdiction to adjudicate any application for adjustment of status filed by the arriving alien . . . ."[2] She contends that the IJ exceeded his jurisdiction under this regulation in determining that she did not qualify for the petty offense exception. We disagree. While Schubler was "an arriving alien who [was] placed in removal proceedings," she fails to identify any application for adjustment of status that the IJ adjudicated in this case. To the contrary, in her appeal to the BIA she argued that the IJ erred by not terminating the removal

---

[2]      The regulation defines limited circumstances, not applicable in this case, under which an IJ does have jurisdiction in removal proceedings to adjudicate an arriving alien's application for adjustment of status. *See* 8 C.F.R. § 1245.2(a)(1)(ii)(A)-(D).

proceedings in order to allow CIS to exercise its exclusive discretion over her pending application to adjust status. The BIA ruled, however, that

> it is not appropriate to terminate proceedings when the alien is removable and has no relief from removal available in Immigration Court. Additionally, we note that the DHS retains jurisdiction to adjudicate applications for adjustment of status even where an administratively final order of removal remains outstanding, and may grant deferred action to a respondent if it chooses to do so.

Admin. R. at 23. Although the IJ's inadmissibility determination terminated Schubler's previously granted LPR status as a matter of law, *see* 8 C.F.R. § 1.2 (providing that LPR "status terminates upon entry of a final administrative order of . . . removal"), in making that ruling the IJ did not "adjudicate any application for adjustment of status filed by [Schubler]" in violation of § 1245.2(a)(1)(ii). We reject Schubler's claim that the IJ exceeded its jurisdiction.

**2.**

Schubler's second contention is that the BIA erred in concluding that she did not qualify for the petty offense exception to inadmissibility. That exception applies if three circumstances exist: (1) the alien committed only one crime; (2) "the maximum penalty possible for the crime of which the alien was convicted (or which the alien admits having committed or of which the acts that the alien admits having committed constituted the essential elements) did not exceed imprisonment for one year"; and (3) "if the alien was convicted of such crime, the alien was not sentenced to a term of imprisonment in excess of 6 months

-8-

(regardless of the extent to which the sentence was ultimately executed)."
8 U.S.C. § 1182(a)(2)(A)(ii)(II).

The BIA construed "the maximum penalty possible" as referring to the statutory maximum penalty for the crime of conviction. It therefore concluded that the exception did not apply to Schubler's conviction for wire fraud, which (at the time she was convicted) carried a statutory maximum sentence of five years, with an alternative 30-year maximum sentence for a violation affecting a financial institution. *See* 18 U.S.C. § 1343 (1998). The BIA rejected Schubler's contention that the sentencing court determines "the maximum penalty possible" based upon the guidelines imprisonment range applicable to the alien defendant. The BIA stated, "[T]he plain language of the 'petty offense' exception is focused on the statutory maximum penalty for the 'crime' of conviction, rather than the guidelines maximum, which varies from one offender to another based on factors unrelated to the immediate 'crime,' such as criminal history." Admin. R. at 22. Although Schubler reasserted her argument regarding applicability of the petty offense exception in her motion for reconsideration, the BIA found no reason to revisit its conclusion.

Schubler contends on appeal that the BIA erred in construing § 1182(a)(2)(A)(ii)(II). Although this court has not addressed the meaning of "the maximum penalty possible," as used in that section, three of our sister circuits have rejected Schubler's position that this language refers to the

maximum sentence based upon the guidelines imprisonment range applicable to the alien, rather than the statutory maximum penalty.

In *Mendez-Mendez v. Mukasey*, 525 F.3d 828, 833 (9th Cir. 2008), the Ninth Circuit held that "[t]he plain language of [§ 1182(a)(2)(A)(ii)(II)] indicates that the phrase, 'the maximum penalty possible,' refers to the statutory maximum, not the maximum sentence under the sentencing guidelines." The court gave three reasons in support of its construction: (1) by requiring that the alien, if convicted, must have actually received a sentence of six months or less, "the statute already takes into consideration the fact that the sentence imposed might be below the maximum penalty possible"; (2) the statute's reference to "the maximum penalty possible *for the crime* of which the alien was convicted" most sensibly refers to the statutory maximum penalty; and (3) aliens who admit committing a crime, but were not convicted, are also eligible for the petty offense exception, but there would be no guidelines range in those circumstances defining the maximum penalty possible for the crime. *Id.* (quotation omitted).[3]

In *Mejia-Rodriguez v. Holder*, 558 F.3d 46, 50 (1st Cir. 2009), the First Circuit agreed with the Ninth Circuit's construction. It held:

> The statute itself makes no reference to the Sentencing Guidelines.
> The language of the statute plainly refers to the 'maximum penalty

---

[3]     The Ninth Circuit also cited a number of cases in which it had interpreted slightly different statutory language as referring to the statutory maximum penalty rather than the maximum under the guidelines range. *See Mendez-Mendez*, 525 F.3d at 833-34.

possible' and that maximum is set by statute. That maximum possible punishment is for 'the crime of which the alien was convicted,' a reference again to the statute of conviction.

*Id.*; *accord*, *Vartelas v. Holder*, 620 F.3d 108, 115-16 (2d Cir. 2010), *cert. granted on other grounds*, 132 S. Ct. 70 (2011); *see also Matter of Ruiz-Lopez*, 25 I. & N. Dec. 551, 551 (BIA 2011) (holding petty offense exception inapplicable where guidelines range was 0-60 days' imprisonment, but maximum term of imprisonment for crime was five years).

We join our sister circuits in holding that the plain meaning of "the maximum penalty possible" in § 1182(a)(2)(A)(ii)(II), is the statutory maximum penalty possible for the crime. Schubler's construction would lead to the untenable conclusion that the maximum penalty possible means one thing (the maximum under the guidelines range) if the alien was convicted of the crime, but something else (the statutory maximum penalty) if the alien admitted committing the crime or the acts constituting the essential elements of the crime, but was not convicted. *See Mendez-Mendez*, 525 F.3d at 833.

Moreover, the criminal cases cited by Schubler are inapposite to the statutory construction question raised in this case. These decisions address the standard of appellate review for district courts' sentencing determinations, *see United States v. Smart*, 518 F.3d 800, 805-09 (10th Cir. 2008), or the requirement that facts used to increase the penalty for a crime above the statutory maximum be

-11-

found by a jury beyond a reasonable doubt, *see Blakely v. Washington*, 542 U.S. 296, 301 (2004).

Nor does *In Re Cota-Vargas*, 23 I. & N. Dec. 849 (BIA 2005), inform our interpretation of the meaning of "the maximum penalty possible" in the petty offense exception. Schubler asserts this case supports the proposition "that the maximum sentence of imprisonment is the time period that is issued by the underlying court without regard to its reasoning." Pet. Opening Br. at 24. But *Cota-Vargas* reaches no such holding. The BIA concluded it would give full faith and credit to a state court's decision to modify an alien's sentence nunc pro tunc so that his offense would no longer be an "aggravated felony" subjecting him to removal. *See Cota-Vargas*, 23 I. & N. Dec. at 852-53. Although Schubler suggests otherwise, the definition of "aggravated felony" at issue in *Cota-Vargas* does not refer to "the maximum penalty possible" or use any similar language. *See id.* at 850; 8 U.S.C. § 1101(a)(43)(G) (defining aggravated felony to include "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [was] at least one year" (footnote omitted)).

The BIA did not err in construing "the maximum penalty possible" in 8 U.S.C. § 1182(a)(2)(A)(ii)(II) as referring to the statutory maximum penalty for the crime of which the alien was convicted. Schubler fails to establish that the BIA abused its discretion in denying her motion for reconsideration.

The petition for review is DENIED.

Entered for the Court


Bobby R. Baldock
Circuit Judge