Jobe v. Whitaker

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand eighteen.

PRESENT: DENNIS JACOBS,
     RICHARD J. SULLIVAN,
        <u>Circuit Judges</u>,
     EDWARD R. KORMAN,*
        <u>District Judge</u>.

- - - - - - - - - - - - - - - - -X
MOMODOULAMIN JOBE, AKA
MOMODOU LAMIN JOBE, AKA
MOMODOU JOBE,
     <u>Petitioner</u>,

---

* Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

1

**MATTHEW G. WHITAKER,**
**ACTING UNITED STATES ATTORNEY**
**GENERAL,**
                    <u>Respondent</u>.
- - - - - - - - - - - - - - - - -X

FOR PETITIONER:                 Ari Holtzblatt, Wilmer Cutler Pickering Hale
                                and Dorr LLP, Washington, DC.

FOR RESPONDENT:                 Laura M.L. Maroldy, Trial Attorney, Office of
                                Immigration Litigation (Joseph H. Hunt,
                                Assistant Attorney General; Brianne Whelan,
                                Senior Litigation Counsel, <u>on the brief</u>),
                                United States Department of Justice,
                                Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review is **DENIED**.

Petitioner Momodoulamin Jobe, a native and citizen of Gambia, seeks review of a January 11, 2017, decision of the BIA dismissing his appeal of a July 13, 2016, decision of an Immigration Judge ("IJ") ordering his removal and finding him ineligible for cancellation of removal or a waiver of inadmissibility. <u>In re Momodoulamin Jobe</u>, No. A 096 502 313 (B.I.A. Jan. 11, 2017), <u>aff'g</u> No. A 096 502 313 (Immig. Ct. Hartford July 13, 2016).   We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Our jurisdiction is limited to constitutional claims and questions of law because Jobe was ordered removed on account of a controlled substance

conviction.   8 U.S.C. § 1252(a)(2)(C), (D).   We review such questions de novo, Pierre v. Holder, 738 F.3d 39, 47 (2d Cir. 2013), but defer to the agency's reasonable interpretations of ambiguous provisions of the Immigration and Nationality Act ("INA"), see Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837, 842-43 (1984); Gill v. INS, 420 F.3d 82, 89 (2d Cir. 2005).   Here, Jobe raises equal protection and due process claims based on the disparate treatment accorded to lawful permanent residents ("LPRs") previously convicted of a single drug offense involving a small amount of marijuana who travel abroad.

First, Jobe argues that 8 U.S.C. § 1101(a)(13)(C) violates equal protection by distinguishing between LPRs based on their overseas travel.   "The Due Process Clause of the Fifth Amendment guarantees every person the equal protection of the laws, 'which is essentially a direction that all persons similarly situated should be treated alike.'"   Jankowski-Burczyk v. I.N.S., 291 F.3d 172, 176 (2d Cir. 2002) (quoting City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985)).   "Of course, the government can treat persons differently if they are not 'similarly situated.'"   Id. (quoting Able v. United States, 155 F.3d 628, 631 (2d Cir. 1998)).   "Due process and equal protection guarantees clearly extend to aliens as well as United States citizens."   Domond v. I.N.S., 244 F.3d 81, 87 (2d Cir. 2001) (citing Yick Wo v. Hopkins, 118 U.S. 356, 369 (1886)).

Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (the "IIRIRA"), LPRs who leave the United States for brief trips "shall not be regarded as seeking an admission into the United States for purposes of the immigration laws" (and therefore cannot be found inadmissible) except in certain situations, including where the LPR has been convicted of a controlled substance offense.   8 U.S.C. §§ 1101(a)(13)(C)(v), 1182(a)(2)(A)(i)(II).   Jobe concedes that under those statutes, as interpreted by this Court, he was regarded as seeking admission to the United States after his trip to Gambia.   He argues that the statutory scheme violates his equal protection rights by creating, without a rational basis, two classes of narcotics offender LPRs who are identical in every respect except that members of one class have departed from and returned to the United States, and are therefore inadmissible and removable, while members of the other class, who remained in this country continuously, are not deportable.

3

However, "a resident alien returning from a brief trip" is "differently situated" from "a continuously present resident alien," and therefore does not have "a right to identical treatment." Landon v. Plasencia, 459 U.S. 21, 31 (1982); see also Mejia-Rodriguez v. Holder, 558 F.3d 46, 49-50 (1st Cir. 2009) (denying equal protection claim because, inter alia, "[a] lawful permanent resident who departs the country and attempts to return is not similarly situated to a lawful permanent resident who never left." (citing Plasencia, 459 U.S. at 31)). Because these two classes of LPRs are not "similarly situated," Congress does not violate equal protection rights by "enact[ing] a regulatory measure as to one classification without a counterpart measure as to the other, and without a rationale for the resulting lack of symmetry." Jankowski-Burczyk, 291 F.3d at 176. The Ninth Circuit has rejected an equal protection challenge identical to Jobe's for the same reason. Gomintong v. Gonzales, 255 F. App'x 98, 99 (9th Cir. 2007) (memorandum opinion) ("The Supreme Court has recognized that an LPR who briefly leaves the country is not entitled to the same rights as an LPR who remains in the country." (citing Plasencia, 459 U.S. at 31)).

Jobe argues that before we determine that two classes are differently situated for equal protection purposes, we must conduct a case-specific analysis of whether the difference between the two groups justifies the legislative classification at issue. But a case-by-case determination of whether groups are "similarly situated" would make that threshold question essentially inseparable from the question of whether the classification has a "rational basis"--a result that is unsupported by our precedent. See Jankowski-Burczyk, 291 F.3d at 177-78 ("[W]hen a legislative body has made a classification within a given statutory scheme as a whole, we will not subject every subsection and every amendment of every subsection to rational-basis scrutiny.").

Supreme Court precedent establishes that LPRs who leave and return to the United States, such as Jobe, are differently situated from LPRs who continuously remain in the United States with respect to those groups' due process rights. Plasencia, 459 U.S. at 31; see also Correa v. Thornburgh, 901 F.2d 1166, 1174 (2d Cir. 1990) (rejecting equal protection challenge and noting the

4

"basic principle of immigration law . . . that a resident alien who leaves this country and attempts to enter the United States on his or her return, is subject to all current exclusionary laws").   Accordingly, Jobe's equal protection rights were not violated by the congressional choice to impose inadmissibility criteria on narcotics offender LPRs who leave and return to the United States that differ from deportability criteria for narcotics offender LPRs who never left.   We therefore need not reach the question of whether Congress had sufficient justification for such a classification.   See Jankowski-Burczyk, 291 F.3d at 176.

Second, Jobe argues that charging him as an arriving alien despite his LPR status affronts due process by arbitrarily restricting his liberty interest in traveling abroad.   This argument is also unavailing.

Jobe is correct that LPRs have a constitutionally protected liberty interest in international travel.   See Califano v. Aznavorian, 439 U.S. 170, 176 (1978) ("[T]he 'right' of international travel has been considered to be no more than an aspect of the 'liberty' protected by the Due Process Clause of the Fifth Amendment.").   However, "this 'right' . . . can be regulated within the bounds of due process," id., and "[t]he alien's right to travel temporarily outside the United States is subject to restrictions not applicable to citizens," Harisiades v. Shaughnessy, 342 U.S. 580, 586 & n.10 (1952).

Despite Jobe's argument that LPRs have business, educational, and familial interests in traveling overseas, he has not established that charging him as inadmissible pursuant to § 1101(a)(13)(C)(v) affronted due process.   Insofar as he alleges a violation of procedural due process, he has not claimed that the "procedures allowed for by" § 1101(a)(13)(C)(v) "are [in]sufficient to protect [his] interest."   Weinstein v. Albright, 261 F.3d 127, 134 (2d Cir. 2001).   To the extent he alleges a violation of substantive due process, Jobe has not established that the Government infringes a "fundamental" liberty interest when it treats LPRs as seeking admission under § 1101(a)(13)(C)(v) because he has not established a fundamental right to international travel.   See Reno v. Flores, 507 U.S. 292, 302 (1993) (reasoning that litigants alleging violations of substantive due process must identify a fundamental right at issue); Weinstein, 261 F.3d at 140

5

("Plaintiff's right to a passport and to travel internationally, while a liberty interest protected by the Due Process Clause of the Fifth Amendment, is not a fundamental right equivalent to the right to interstate travel.").

Finally, Jobe's challenges to <u>Heredia v. Sessions</u>, 865 F.3d 60, 64-65, 70-71 (2d Cir. 2017), are unavailing.   "It is a longstanding rule of our Circuit that a three-judge panel is bound by a prior panel's decision until it is overruled either by this Court sitting <u>en banc</u> or by the Supreme Court."   <u>Doscher v. Sea Port Grp. Sec., LLC</u>, 832 F.3d 372, 378 (2d Cir. 2016).

For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6