FILED
United States Court of Appeals
Tenth Circuit

September 10, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KULWINDER KAUR; MANRAJ
SINGH,

        Petitioners,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

        Respondent.

No. 11-9544
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **EBEL**, Circuit Judges.

Petitioners Kulwinder Kaur and Manraj Singh, natives and citizens of India,

seek review of an order of the Board of Immigration Appeals (BIA) denying as

untimely their motion to reopen. Exercising our jurisdiction under 8 U.S.C. § 1252,

we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    Background

According to different statements by Kulwinder, she entered the United States without inspection in either September 1999 or April 2000.  Her minor son, Manraj, entered in September 2000.  Kulwinder filed an application for asylum relief on behalf of herself and Manraj in February 2001, alleging persecution by the Indian government based on participation by her putative husband, Balbir Singh, in the Sikh Student Federation.  Petitioners' request for asylum and withholding of removal was denied by an immigration judge (IJ) in January 2002, and affirmed by the BIA on appeal in August 2003.  Petitioners did not seek judicial review of the BIA's final order of removal.

In May 2011, eight years after the BIA issued its final order of removal, Petitioners filed a motion to reopen in order to pursue an application for adjustment of status.  The motion asserted that Kulwinder is married to Mohinder Singh Sandhu, now a naturalized citizen, who had filed an I-130 visa petition on her behalf in August 2002, when he was a lawful permanent resident.  The motion also stated that Manraj was the son of Kulwinder and Mohinder.  Manraj sought to be excused from the time limitation on a motion to reopen because he is a minor.  And Kulwinder asked the BIA to exercise its discretion to reopen the removal proceeding *sua sponte* "to keep her family together."  R. at 23.  On July 25, 2011, the BIA denied as untimely the motion to reopen.

## II.    Discussion

We have jurisdiction to review the BIA's discretionary decision to deny Petitioners' motion to reopen their removal proceedings. *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1361–62 (10th Cir. 2004); *see also Kucana v. Holder*, 130 S. Ct. 827, 835, 838 (2010) (because the BIA's "discretionary authority to act on a motion to reopen . . . is specified not in a statute, but only in the Attorney General's regulation," the jurisdiction-stripping provision in 8 U.S.C. § 1252(a)(2)(B)(ii) "does not proscribe judicial review of denials of motions to reopen") (internal quotation marks omitted). We review for an abuse of discretion. *See Infanzon*, 386 F.3d at 1362. "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id*. (internal quotation marks omitted). "On the other hand, there is no abuse of discretion when although the BIA's decision is succinct, its rationale is clear, there is no departure from established policies, and its statements are a correct interpretation of the law." *Galvez Pineda v. Gonzales*, 427 F.3d 833, 838 (10th Cir. 2005) (internal quotation marks omitted).

Generally, an alien is limited to only one motion to reopen removal proceedings, and it must be filed within 90 days of the date of entry of the final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(A)-(C)(i); 8 C.F.R. § 1003.2(c)(2). Because Petitioners filed their motion to reopen eight years after the final administrative

- 3 -

decision in their removal proceedings, their motion is untimely.[1]  Further, "untimely motions to reopen to pursue an application for adjustment of status … do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen before the [BIA] and will ordinarily be denied."[2]  *In re Yauri*, 25 I. & N. Dec. 103, 105 (BIA 2009).  The BIA's brief order adequately and soundly explained its denial of Petitioners' motion.  We perceive no abuse of discretion.[3]

### III.    Conclusion

The petition for review is DENIED.


Entered for the Court


Harris L Hartz
Circuit Judge

---

[1]     The 90-day filing deadline is subject to several exceptions.  *See* 8 C.F.R. § 1003.2(c)(3)(i)-(iv).  We agree with the BIA's conclusion that none of the exceptions is applicable in this case.  Although the time limitation may also be equitably tolled when the motion to reopen is based on a claim of ineffective assistance of counsel, *see Riley v. I.N.S.*, 310 F.3d 1253, 1257-58 (10th Cir. 2002), Petitioners' motion to reopen did not make any such claim.

[2]     "The only applications for adjustment of status that are specifically excepted from the motion time limits are those that involve a self-petition by a battered spouse, child, or parent of a United States citizen or lawful permanent resident."  *In re Yauri*, 25 I. & N. Dec. at 105.

[3]     Petitioners do not argue that the BIA erred in not reopening the removal proceedings *sua sponte*.  *See* 8 C.F.R. § 1003.2(a) (stating BIA's authority to reopen a case at any time on its own motion).  In any event, we would lack jurisdiction to consider such an argument.  *See Belay-Gebru v. I.N.S.*, 327 F.3d 998, 1000-01 (10th Cir. 2003).