FILED
United States Court of Appeals
Tenth Circuit

December 4, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CARLOS ENRIQUE
RUBIO-MONTANO; GLORIA
LETICIA REGALDO-HORTA,

        Petitioners,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

        Respondent.

No. 13-9518
(Petition for Review)

---

**ORDER AND JUDGMENT***

---

Before **LUCERO**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**BACHARACH**, Circuit Judge.

---

Carlos Enrique Rubio-Montano and Gloria Leticia Regaldo-Horta

("Petitioners"), a married couple who are natives and citizens of Mexico, seek review

of the denial of their motion for reconsideration by the Board of Immigration Appeals

("BIA"). We deny the petition.

---

     * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

Petitioners were admitted to the United States in September 2001 as nonimmigrant visitors authorized to remain until March 25, 2002. They stayed beyond that date without permission and took up residence in Oklahoma with the intent to stay permanently. In 2005, they were placed in removal proceedings. They conceded removability but successfully obtained an administrative closure of the proceedings to pursue a private bill in Congress to gain citizenship. After their effort proved fruitless, the removal proceedings were reopened, and in 2010 they appeared before an Immigration Judge ("IJ"). They did not seek any form of relief from removal but instead filed a motion to terminate the proceedings on the ground that, under the Law of Nations, they are de facto Oklahoma citizens, and there is no power enumerated in the Constitution that gives the federal government jurisdiction to remove Oklahoma citizens who were lawfully admitted to the United States. Therefore, they argued, the federal government could not authorize the Immigration Court to hold removal proceedings, and only the State of Oklahoma could remove them. The government responded that the Immigration Court had exclusive jurisdiction under 8 U.S.C. § 1252(g).

The IJ rejected Petitioners' arguments, observing that the Constitution gives Congress the authority to "establish an uniform Rule of Naturalization," U.S. Const. art. I, § 8, cl. 4 ("Naturalization Clause"), and Congress has done precisely that in

enacting a plenary and exclusive federal statutory immigration framework. The IJ therefore determined he had jurisdiction and ordered Petitioners removed.

Petitioners appealed to the BIA, largely reiterating their previous arguments but also suggesting that naturalization and removal were separate powers. The purpose of the Naturalization Clause, Petitioners argued, was to ensure uniform citizenship requirements among the states. Petitioners claimed that the Naturalization Clause grants no removal power to the federal government. The government responded with a motion for summary affirmance. The BIA affirmed, citing Arizona v. United States, 132 S. Ct. 2492 (2012), and Toll v. Moreno, 458 U.S. 1 (1982), for the proposition that the federal government has broad authority over immigration and alien status. That power, the BIA said, derives from the Naturalization Clause and the federal government's "inherent power as sovereign to control and conduct relations with foreign nations." The BIA concluded that the federal government has exclusive power "to promulgate laws governing the admission and removal of aliens," and therefore the Immigration Court had jurisdiction under § 1252(g).

Petitioners did not seek judicial review of the BIA's decision. They instead filed a motion for reconsideration. In addition to restating their previous arguments, they contended that Arizona was inapplicable because it did not concern the precise jurisdictional issue Petitioners raised. They also claimed that, based on the

government's failure to file a response brief, the BIA should have deemed their appeal unopposed and terminated the removal proceedings.

The BIA denied reconsideration, finding no error in its previous decision and concluding that a substantial portion of the motion consisted of the same arguments advanced in the underlying appeal. The BIA also rejected the argument that it should have considered the motion unopposed because "section 4.12(a) of the [BIA's] Practice Manual expressly provides that 'the failure of the opposing party to affirmatively oppose an appeal does not automatically result in the appeal being sustained,'" and, in the alternative, the government had opposed the motion by filing a motion for summary affirmance.

## II

To the extent Petitioners seek to challenge the BIA's underlying order upholding the IJ's decision, we lack jurisdiction to review that order because they "did not timely file a petition for review from that order within thirty days as required by 8 U.S.C. § 1252(b)(1)." Infanzon v. Ashcroft, 386 F.3d 1359, 1361 (10th Cir. 2004). Their petition is timely with respect to the BIA's order denying their motion for reconsideration, and we therefore have jurisdiction to review that denial. We review the denial of a motion for reconsideration for abuse of discretion, Belay-Gebru v. INS, 327 F.3d 998, 1000 n.5 (10th Cir. 2003), and any legal or constitutional questions de novo, Lorenzo v. Mukasey, 508 F.3d 1278, 1282 (10th Cir. 2007). "The BIA abuses its discretion when its decision provides no

rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." Infanzon, 386 F.3d at 1362 (quotation omitted).

Petitioners have failed to demonstrate any error. We first reject Petitioners' contention that the BIA ignored points of legal error raised in their motion. The BIA correctly denied reconsideration of any previously raised arguments. See Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004); In re O-S-G, 24 I. & N. Dec. 56, 58 (BIA 2006). Second, the BIA did not—as Petitioners argue—refuse to treat their motion as unopposed. Instead, it properly applied § 4.12(a) of its Practice Manual, which states in relevant part that "the [BIA] may consider the opposing party's silence in adjudicating the appeal, [but] the silence does not dictate the disposition of the appeal."

Third, although the BIA did not explicitly provide an explanation for rejecting Petitioners' argument that Arizona was inapplicable, the motion for reconsideration fails to demonstrate any error of law in the BIA's disposition of the appeal. In relevant part, the Arizona Court stated that "[t]he Government of the United States has broad, undoubted power over the subject of immigration and the status of aliens." Arizona, 132 S. Ct. at 2498. And prior to Arizona, the Supreme Court explained that the federal government, not the states, has the power to regulate admitted aliens before naturalization:

> The Federal Government has broad constitutional powers in determining what aliens shall be admitted to the United States, the period they may

- 5 -

remain, regulation of their conduct before naturalization, and the terms and conditions of their naturalization. Under the Constitution the states are granted no such powers; they can neither add to nor take from the conditions lawfully imposed by Congress upon admission, naturalization and residence of aliens in the United States or the several states.

Takahashi v. Fish & Game Comm'n, 334 U.S. 410, 419 (1948) (citation omitted); see also Carlson v. Landon, 342 U.S. 524, 534 (1952) ("So long . . . as [legally admitted] aliens fail to obtain and maintain citizenship by naturalization, they remain subject to the plenary power of Congress to expel them under the sovereign right to determine what noncitizens shall be permitted to remain within our borders."). The Court has further stated that "Federal authority to regulate the status of aliens derives from various sources," including the Naturalization Clause and the Foreign Commerce Clause, as well as the federal government's "broad authority over foreign affairs." Toll, 458 U.S. at 10. Petitioners' claim that their status as inhabitants of Oklahoma prevents the federal government from enforcing its immigration laws against them lacks any basis in precedent. Petitioners conceded that they were statutorily removable and the BIA properly concluded that it had jurisdiction over Petitioners. We therefore conclude that the BIA did not abuse its discretion in denying the motion for reconsideration.

## III

We **DENY** the petition for review.

Entered for the Court


Carlos F. Lucero
Circuit Judge