# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

TSEGAW BELAY-GEBRU,

　　　　　Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

　　　　　Respondent.

Nos. 02-9509 & 02-9518

---

ORDER

Filed April 28, 2003

---

Before **TACHA**, Chief Circuit Judge, **SEYMOUR** and **EBEL**, Circuit Judges.

---

　　　Respondent's motion to publish the order and judgment dated March 26,

2003, is granted.　　A copy of the published opinion is attached.

　　　　　　　　　　　　　　　Entered for the Court,
　　　　　　　　　　　　　　　Patrick Fisher, Jr., Clerk

　　　　　　　　　　　　　　　By:　/s/ Steve Larson
　　　　　　　　　　　　　　　　　　Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 26 2003**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

### UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

---

TSEGAW BELAY-GEBRU,

Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

Respondent.

Nos. 02-9509 & 02-9518

---

### PETITION FOR REVIEW OF AN ORDER FROM THE BOARD OF IMMGRATION APPEALS
### (No. A29-601-250)

---

Submitted on the briefs:

Mekre-Michael Ayele, Arlington, Virginia, on the brief for Petitioner.

Alison R. Drucker, Senior Litigation Counsel, and Margaret K. Taylor, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Civil Division, Washington, DC, on the brief for Respondent.

---

Before **TACHA**, Chief Circuit Judge, **SEYMOUR** and **EBEL**, Circuit Judges.

---

**TACHA**, Chief Circuit Judge.

---

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

## I. Background

On January 29, 2001, the Board of Immigration Appeals ("BIA") denied Mr. Belay-Gebru's appeal from an immigration judge's order denying asylum and withholding of deportation. Mr. Belay-Gebru did not petition this court for review of the BIA's January 29, 2001, decision. Instead, Mr. Belay-Gebru filed an initial motion to reconsider with the BIA on March 2, 2001, which the BIA dismissed as time-barred on April 19, 2001. Mr. Belay-Gebru subsequently filed a second motion to reconsider, [1] requesting that the BIA exercise its discretion to reopen and reconsider his case, pursuant to 8 C.F.R. § 1003.2(a). The BIA denied this request on May 17, 2001. This appeal followed. [2]

## II. Discussion

We must first consider our jurisdiction to decide Mr. Belay-Gebru's appeal.

---

[1] This motion was captioned "Motion to Reconsider En-Banc Sua Sponte."

[2] On appeal, petitioner contends that the immigration judge and the BIA erred: (1) in finding that he failed to establish a well-founded fear of persecution; (2) in disregarding the testimony of Mr. Belay-Gebru's witnesses, who testified credibly about the danger of persecution he would face if he returns to Ethiopia; and (3) in holding that Mr. Belay-Gebru had not met his burden of proof in establishing eligibility for asylum and withholding of deportation.

Our jurisdictional inquiry in this case is governed by 8 U.S.C. § 1105a. [3] Insofar as Mr. Belay-Gebru challenges (1) the BIA's denial of his appeal from the immigration judge's deportation order and (2) the BIA's denial of Mr. Belay-Gebru's initial motion to reconsider, we do not have jurisdiction to consider these claims because Mr. Belay-Gebru did not file a timely petition for review with this court. *See Stone v. I.N.S.,* 514 U.S. 386, 406 (1995) (holding that the courts of appeal lack jurisdiction to review an untimely petition for review); *see also Saadi v. I.N.S.,* 912 F.2d 428, 428 (10th Cir. 1990) (holding that the requirements of 8 U.S.C. § 1105a are mandatory and jurisdictional).

Under the transitional rules,[4] a petition for review of a final order of exclusion or deportation must be filed with the court of appeals not later than thirty days after issuance of the final order. *See* Pub. L. No. 104-208, 110 Stat. 3009, § 309(c)(4)(A)-(D). Here, the BIA denied Mr. Belay-Gebru's appeal from the immigration judge's order on January 29, 2001. The thirty-day period for

---

[3] Before 1996, we had jurisdiction to review final deportation orders under 8 U.S.C. § 1105a. In 1996, however, this provision was repealed by the Illegal Immigration Reform & Responsibility Act ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009. Although section 1105a was repealed by IIRIRA, it remains substantially in effect in those cases subject to IIRIRA's transitional rules. Because the INS commenced deportation proceedings against petitioner before April 1, 1997, the effective date of IIRIRA, and because the Agency's final deportation order was entered after October 31, 1996, this case is governed by the pre-IIRIRA rules as amended by the transitional rules. *Woldemeskel v. I.N.S.*, 257 F.3d 1185, 1187 n.1 (10th Cir. 2001).

[4] *See supra* note 3.

review began running on that date. *See* 8 C.F.R. § 1241.31 (order of deportation "become[s] final upon dismissal of an appeal by the [BIA]"). Mr. Belay-Gebru filed his petition for review with this court on February 22, 2002, well outside the thirty-day window. Regarding the BIA's denial of Mr. Belay-Gebru's initial motion to reconsider, the thirty-day period began running on April 19, 2001. Again, Mr. Belay-Gebru's present petition for review, filed with this court on February 22, 2002, is well outside the thirty-day period. Accordingly, we do not have jurisdiction to consider Mr. Belay-Gebru's challenge to either (1) the BIA's denial of his appeal from the immigration judge's order or (2) the BIA's denial of his initial motion to reconsider. [5]

Concerning the BIA's January 23, 2002, decision denying Mr. Belay-Gebru's second motion to reconsider, we have no jurisdiction to consider petitioner's claim that the BIA should have exercised its *sua sponte* power to reopen his case. *Ekimian v. I.N.S.*, 303 F.3d 1153, 1159 (9th Cir. 2002); *see also Luis v. I.N.S.*, 196 F.3d 36, 40 (1st Cir. 1999) ("[T]he decision of the BIA

---

[5] We note that even if Mr. Belay-Gebru had timely appealed the BIA's denial of his motion to reconsider, we would find no abuse of discretion. *See Padilla-Agustin v. I.N.S.*, 21 F.3d 970, 973 (9th Cir. 1994), *overruled on other grounds*, *Stone v. I.N.S.*, 514 U.S. 386 (1995) (noting that we review the denial of a motion to reconsider for an abuse of discretion). The BIA denied Mr. Belay-Gebru's motion as untimely. Mr. Belay-Gebru failed to provide the BIA with any explanation for his late filing. We cannot conclude that this amounted to an abuse of discretion.

whether to invoke its sua sponte authority is committed to its unfettered discretion. Therefore, the very nature of the claim renders it not subject to judicial review."); *Anin v. Reno,* 188 F.3d 1273, 1279 (11th Cir. 1999) ("[Section 3.2(a)] gives the BIA non-reviewable discretion to dismiss [petitioner's] claim.").

Under 8 U.S.C. § 1229a(c)(5), IIRIRA's codification of 8 C.F.R. § 1003.2(b)(2), a party has thirty days from the BIA's final administrative order of removal to file a motion to reconsider. Furthermore, a party may file only one motion to reconsider a decision that the alien is removable from the United States. 8 U.S.C. § 1229a(c)(5). By contrast, no statutory language authorizes the BIA to reconsider a deportation proceeding *sua sponte*. The only basis for reconsideration *sua sponte* is found in 8 C.F.R. § 1003.2(a). The text of this section provides that the BIA "may at any time . . . reconsider *on its own motion* any case in which it has rendered a decision." *Id.* (emphasis added). The regulation, however, provides no standards controlling or directing the BIA's decision whether to reconsider on its own motion. *See Heckler v. Chaney*, 470 U.S. 821, 830 (1985) ("[R]eview is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion."). Because we have no meaningful standard against which to judge the BIA's exercise of its discretion, we hold that we do not have jurisdiction to review Mr. Belay-Gebru's claim that the BIA should have *sua*

-5-

*sponte* reconsidered the immigration judge's order denying asylum and withholding of deportation.

## III. Conclusion

Based on the foregoing, we DISMISS Mr. Belay-Gebru's petition.