**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-2079**

_____

AMINATA FLORENCE KAMARA,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.  (A79-505-736)

_____

Submitted:  July 27, 2005          Decided:  August 10, 2005

_____

Before LUTTIG, MICHAEL, and KING, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Joseph Peter Drennan, Alexandria, Virginia; James T. Reynolds, PAUL SHEARMAN ALLEN & ASSOCIATES, Washington, D.C., for Petitioner. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Eric W. Marsteller, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Aminata Florence Kamara, a native and citizen of Sierra Leone, petitions for review an order of the Board of Immigration Appeals ("Board") denying her motion to reopen. We review the Board's denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a) (2005); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Yanez-Popp v. INS, 998 F.2d 231, 234 (4th Cir. 1993). A denial of a motion to reopen must be reviewed with extreme deference, since immigration statutes do not contemplate reopening and the applicable regulations disfavor motions to reopen. M.A. v. INS, 899 F.2d 304, 308 (4th Cir. 1990) (en banc).

Kamara raises several issues in her brief, none of which have merit. We note the Board did not abuse its discretion denying the motion to reopen as untimely. Moreover, there was no evidence of changed circumstances within Sierra Leone. Thus, there was no reason to ignore the ninety-day period in which to file motions to reopen. We are without authority to review the Board's decision not to sua sponte reopen the case. Belay-Gebru v. INS, 327 F.3d 998, 1000-01 (10th Cir. 2003). We further find no authority to exercise our mandamus authority and to compel the Board to review the merits of the petition to reopen. In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988).

Insofar as Kamara challenges the March 12, 2004 order summarily affirming the immigration judge's order, we are without

jurisdiction because Kamara did not file a timely petition for review. <u>Stone v. INS</u>, 514 U.S. 386, 405 (1995) (this time period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms.").

Accordingly, we deny the petition for review. We also deny the motion for stay of removal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>