**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BHUPINDER SINGH SONDH,

      Petitioner-Appellant,

      v.

ALBERTO R. GONZALES, Attorney
General,

      Respondent-Appellee.

No. 05-9563

(Board of Immigration Appeals)

(Agency No. A76-685-308)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL,** and **TYMKOVICH**, Circuit Judges.[**]

      Appellant Bhupinder Singh Sondh is a native and citizen of India who came

to the United States in 1996 on a temporary visa. He was placed under removal

proceedings and sought various forms of relief. The procedural background of his

efforts to avoid deportation is somewhat complicated, and his efforts were largely

---

      [*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

      [**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

unsuccessful. *See Sondh v. Gonzales*, 2005 WL 319036 (10th Cir. 2005) (affirming removal order). However, in an unrelated matter, the BIA decided a visa petition filed by Sondh's citizen wife should be reviewed, so Sondh asked the BIA to reopen the removal case on this basis. The BIA denied the motion.

Sondh now asks us to reverse the Board of Immigration Appeal's (BIA) decision not to reopen removal proceedings. While Sondh's claims may warrant consolidation before immigration officials, we conclude the BIA did not abuse its discretion by denying Sondh's motion to reopen removal proceedings. We therefore affirm, noting that the BIA retains discretion to reopen the removal case to facilitate review of Sondh's wife's visa petition.

## BACKGROUND

Sondh entered the United States in 1996. He overstayed his temporary visa, and in October 1997, the government initiated removal proceedings against him. During those proceedings, Sondh's first wife, Denise Allen, filed a visa petition on his behalf, which was denied based on Sondh's failure to establish the bona fides of the marriage. Subsequently, Sondh filed an asylum petition, which was also denied.

Sondh appealed the asylum petition but did not appeal the denial of the visa petition. While the asylum appeal was pending before the BIA (over two years), Sondh was divorced and remarried. His second wife, LaDonna Mittelsted, filed a

second immigrant visa petition on Sondh's behalf. Before this petition could be resolved, the BIA denied the asylum appeal in a March 19, 2003, order.

At this point, Sondh pursued two courses to challenge removal. First, he appealed the asylum decision to this court. At the same time, he filed a motion to reopen the removal proceedings before the BIA. The basis for this motion was Mittelsted's pending visa petition.

Despite the pending visa petition, the BIA denied Sondh's motion to reopen. Under *In re Velarde-Pacheco*, 23 I&N Dec. 253 (BIA 2002), the BIA can exercise its discretion to grant a motion to reopen as long as certain criteria are met. *Id.* at 256. However, one of those criteria—that the government not oppose the motion—was not met. The BIA noted the government opposed the motion on the ground that Sondh's "pending visa petition cannot be approved because he previously sought to be accorded immediate relative status by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws."[1] R. at 90. Accordingly, the BIA denied the motion on August 29, 2003, not because it agreed with the government's view of the previous marriage, but because the government's opposition took the case outside the realm of *Velarde-Pacheco*.

---

[1] The government also opposed the motion to reopen on unspecified "discretionary factors." R. at 92.

Sondh then appealed the BIA's denial of his motion to reopen, and we consolidated that appeal with his earlier appeal on the merits of his asylum petition. We denied both appeals in a prior opinion in this case. *Sondh v. Gonzales*, 2005 WL 319036 (10th Cir. 2005).

While we were reviewing Sondh's first appeal from the BIA, immigration authorities were reviewing Mittelsted's visa petition. Before we issued our opinion, however, the immigration service denied the second visa petition on the ground that Sondh's first marriage was fraudulently entered to circumvent immigration laws. Sondh appealed that decision to the BIA, and on March 4, 2005, two months after we issued our opinion in Sondh's appeal, the BIA reversed that determination because of an inadequate record and remanded with instructions to adjudicate the visa petition.

Sondh then filed a motion to reopen the removal case[2] on the ground that he would now be eligible to adjust status.[3] The BIA denied this motion on the ground that it was untimely, and Sondh appealed again to this court.

---

[2] In the same motion, Sondh also asked the BIA to reconsider its August 29, 2003, ruling, which it declined to do. He does not appeal the denial of his motion to reconsider.

[3] It is unclear whether the visa petition was ever approved, although Sondh's April 8, 2005, application for adjustment of status based on an approved visa petition suggests that it was.

**ANALYSIS**

Sondh argues on appeal that the BIA erred in denying his motion to reopen. Federal regulations authorize the BIA to grant a single motion to reopen, filed by either party within ninety days of a final order. 8 C.F.R. § 1003.2(c). We have jurisdiction under 8 U.S.C. § 1252(a)(1) and review this decision for abuse of discretion. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004). The BIA abuses its discretion where its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.*

Here, the BIA denied the motion to reopen on the ground that it was a second motion filed after ninety days, and Sondh concedes that his motion was untimely under the regulation. Thus, the BIA did not abuse its discretion in denying Sondh's motion to reopen on this ground.

Sondh further argues that the BIA should have exercised its discretion to reopen the case sua sponte to correct a miscarriage of justice. It is true that the BIA may reopen a case at any time on its own motion. 8 C.F.R. § 1003.2(a). However, "because there are no standards by which to judge the agency's exercise of discretion," we have held that "we do not have jurisdiction to consider [a] claim that the BIA should have sua sponte reopened the proceedings under 8 C.F.R. § 1003.2(a)." *Infanzon*, 386 F.3d at 1361; *Belay-Gebru v. INS*, 327 F.3d

998, 1001 (10th Cir. 2003). Accordingly, the BIA's decision is not reviewable.

A closing comment. The apparently inconsistent orders from the BIA are procedurally odd. Sondh's pending visa petition may result in his eligibility to adjust status based on a valid second marriage, and the BIA has said that petition should be adjudicated. Yet the BIA has ignored the posture of that petition in these deportation proceedings. It stated: "the fact that an alien may have a pending, or even approved, visa petition does not alter the filing deadlines or other requirements for motions to reopen and reconsider set forth at 8 C.F.R. § 1003.2." R. at 3. While this statement may be true, if Sondh is truly entitled to review of the visa petition, and more so if the petition has already been approved, the BIA has discretion to reopen and review Sondh's order of deportation. The facts of this case may well warrant such a result.

## CONCLUSION

For these reasons, we AFFIRM the decision below. Although we lack jurisdiction to direct the BIA to reopen the case, it retains discretion to do so under 8 C.F.R. § 1003.2(a).

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

-6-