FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 20, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ARTHER DEYKE KASONSO,

      Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

      Respondent.

No. 10-9526
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

      Arther Deyke Kasonso petitions for review of a Board of Immigration

Appeals (BIA) order denying his motion for reconsideration. His petition raises a

single, narrow issue: whether the BIA abused its discretion in declining to apply

the "disfavored group analysis" adopted by some of the other circuits, to

determine whether Kasanso is entitled to restriction on removal. Exercising

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction under 8 U.S.C. § 1252, we find no abuse of discretion and deny the petition.

Kasonso, a native and citizen of Indonesia, entered the United States in 1994 on a non-immigrant visa and overstayed his six-month authorization. He received a notice to appear, conceded removability, and filed applications for asylum, restriction on removal,[1] and relief under the Convention Against Torture. He alleged past persecution and a well-founded fear of future persecution in Indonesia because he is a Christian. After a hearing, an immigration judge denied his applications for relief from removal, but granted him voluntary departure. The BIA dismissed his appeal. Kasonso then filed a motion for reconsideration and request to reopen his case. As relevant to this appeal, he wanted the BIA to reconsider his application for restriction on removal and grant relief based upon the disfavored-group approach. *See Wakkary v. Holder*, 558 F.3d 1049, 1062-66 (9th Cir. 2009). The BIA denied his motion, stating,

> [T]he respondent seeks to have his applications for relief reviewed
> with consideration given to . . . *Wakkary v. Holder*, 558 F.3d 1049
> (9th Cir. 2009) . . . . However, [that case] arose outside of the
> jurisdiction of the United States Court of Appeals for the Tenth
> Circuit, the jurisdiction in which these proceedings rest[], and
> therefore [is] not controlling. We further note that the respondent

---

[1] "Restriction on removal" was formerly known as "withholding of removal." *See Ismaiel v. Mukasey*, 516 F.3d 1198, 1200 n. 2 (10th Cir. 2008) (italics omitted). Although the applicable regulations, as well as the IJ and the BIA in this case, continue to refer to "withholding of removal," this court uses the current statutory term "restriction on removal." *Id.* (italics omitted).

has not made an individualized showing of possible persecution, as required in *Wakkary*.

Admin. R. at 3. Kasonso filed a timely petition for review of the BIA's order denying his motion for reconsideration.[2]

Restriction on removal prevents the Attorney General from "remov[ing] an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). The Attorney General has implemented this statutory language in regulations setting forth the evidence required to establish entitlement to restriction on removal. *See* 8 C.F.R. § 1208.16(b)(1)-(2). First, if an applicant can show he suffered past persecution in the proposed country of removal on account of one of the specified grounds, he is rebuttably presumed to be subject to future persecution in that country. *See id.* § 1208.16(b)(1)(i). The Attorney General may rebut that presumption by showing the applicant's life or freedom would not be threatened because of a fundamental change in circumstances in that country, or by showing it would be reasonable for the applicant to relocate to another part of the country in order to avoid such a threat. *See id.* § 1208.16(b)(1)(i)(A)-(B).

---

[2]    Kasonso separately petitioned for our review of the BIA's removal order; we dismissed that petition for failure to prosecute. *See* Appeal No. 09-9557.

If an applicant is unable to show past persecution, he can qualify for restriction on removal by establishing that it is more likely than not that he would be persecuted in the country of removal on account of one of the specified grounds (race, religion, nationality, membership in a particular social group, or political opinion). *See id.* § 1208.16(b)(2). Under this standard an applicant must demonstrate a "clear probability of persecution." *Elzour v. Ashcroft*, 378 F.3d 1143, 1149 (10th Cir. 2004). The regulations provide two ways for an applicant to do so. He can show there is a pattern or practice of persecution of a group of people in the country of removal on account of one of the specified grounds and that his inclusion in and identification with that group makes it more likely than not that he would suffer persecution. *See id.* § 1208.16(b)(2)(i)-(ii). Alternatively, he can demonstrate a clear probability of persecution by "provid[ing] evidence that [he] would be singled out individually for such persecution." *Id.* § 1208.16(b)(2).[3]

In Kasonso's original appeal to the BIA it decided he failed to demonstrate that he suffered treatment amounting to past persecution or that would give rise to a well-founded fear of future persecution if he returns to Indonesia.[4]

[3]     An applicant claiming a clear probability of persecution upon removal to a country will not be entitled to relief if it would be reasonable for him to relocate to another area of that country in order to avoid future persecution. *See id.* § 1208.16(b)(2).

[4]     A "well-founded fear of persecution" is the standard for establishing
                                                              (continued...)

-4-

Additionally, the BIA concluded he had "not demonstrated a reasonable fear of persecution based upon a pattern or practice of persecution of Christians in Indonesia." *Id.* Therefore, it decided he failed to establish eligibility for either asylum or restriction on removal.[5] In his motion for reconsideration, Kasonso asked the BIA to revisit its decision for the purpose of applying the disfavored-group analysis[6] and grant him restriction on removal based on that approach. *See Wakkary*, 558 F.3d at 1062-66.

The disfavored-group approach is merely a gloss on the evidence an applicant must submit to establish he will be singled out individually for persecution. Under that approach, if an applicant for asylum or restriction on removal is unable to show past persecution or a pattern or practice of persecution

---

[4](...continued)
eligibility for asylum. 8 U.S.C. § 1101(a)(42)(A) (defining who is a "refugee"); *see also* 8 U.S.C. § 1158(b)(1)(A) (providing an alien determined to be a refugee may be granted asylum). As with restriction on removal, an asylum applicant can rely on evidence of past persecution or a pattern or practice of persecution, or he can show he would be singled out for persecution. *See* 8 C.F.R. § 208.13(b)(1)-(2).

[5]     *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1202 (10th Cir. 2006) (holding applicant who cannot establish well-founded fear under asylum standard necessarily fails to meet higher burden of proof required for restriction on removal). A key distinction between asylum and restriction on removal is the burden of proof. While an asylum applicant need only show a "reasonable possibility" of future persecution, *id.* at § 208.13(b)(2)(i)(B), an applicant for restriction on removal must show a clear probability of persecution, *see Elzour*, 378 F.3d at 1149.

[6]     The motion for reconsideration related to several matters but the only one germane to this petition for review related to the disfavored-group approach.

-5-

in the country of removal, he may establish eligibility for relief by "prov[ing] that []he is a member of a 'disfavored group' coupled with a showing that []he, in particular, is likely to be targeted as a member of that group." *Sael v. Ashcroft*, 386 F.3d 922, 925 (9th Cir. 2004) (applying this standard in asylum case); *see also Wakkary*, 558 F.3d at 1065 (holding same standard applicable to restriction-on-removal claims). "[O]nce an applicant establishes that he is a member of a group that is broadly disfavored, the more egregious the showing of group persecution–the greater the risk to *all* members of the group–the less evidence of *individualized* persecution must be adduced to meet the objective prong of a well-founded fear showing." *Wakkary*, 558 F.3d at 1063 (quotation omitted). An applicant for restriction on removal still must show it is more likely than not that he will be persecuted in the country of removal. *See id.* at 1065. Accordingly, the Ninth Circuit has cautioned that "the impact of the disfavored group mode of analysis is likely to be of considerably less significance in [restriction on removal] than in asylum cases, due to the different standards of proof for these two forms of relief." *Id.* at 1062. In *Tampubolon v. Holder*, 610 F.3d 1056, 1062 (9th Cir. 2010), the Ninth Circuit held for the first time "that Christian Indonesians are a disfavored group."

The BIA declined to reconsider Kasonso's application for restriction on removal and grant him relief based on the disfavored-group approach. We review the BIA's denial of Kasonso's motion for reconsideration for an abuse of

-6-

discretion. *See Belay-Gebru v. INS*, 327 F.3d 998, 1000 n.5 (10th Cir. 2003).

"The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Mickeviciute v. INS*, 327 F.3d 1159, 1162 (10th Cir. 2003) (quotations omitted). "[A]ny error of law is presumptively an abuse of discretion," *S. Utah Wilderness Alliance v. Bureau of Land Mgmt.*, 425 F.3d 735, 750 (10th Cir. 2005), and we review the BIA's legal determinations de novo, *see Lockett v. INS*, 245 F.3d 1126, 1128 (10th Cir. 2001).

The sole issue we consider is whether the BIA abused its discretion when it declined to apply the disfavored-group analysis. The gist of Kasonso's argument is that the BIA was required to reconsider his application for restriction on removal based on that approach. But the BIA has "historically followed a court's precedent in cases arising in that circuit." *Matter of Anselmo*, 20 I. & N. Dec. 25, 31 (BIA 1989). As the BIA correctly observed, this court has neither adopted nor rejected the disfavored-group analysis.[7] Kasonso does not argue the BIA failed to

---

[7]    Nor is there an unchallenged tide of support for the Ninth Circuit's approach in our sister circuits. Some courts have criticized the approach as lowering the threshold for proof of individualized risk. *See Ingmantoro v. Mukasey*, 550 F.3d 646, 651 n.7 (7th Cir. 2008) ("This circuit has not recognized a lower threshold of proof based on membership in a 'disfavored group.'" (quotation omitted)); *Lie v. Ashcroft*, 396 F.3d 530, 538 n.4 (3d Cir. 2005) ("We disagree with the Ninth Circuit's use of a lower standard for individualized fear absent a 'pattern or practice' of persecution and, similarly, we reject the establishment of a 'disfavored group' category."). Two have agreed with the

(continued...)

follow its established policy to apply Tenth Circuit precedent or misapplied that law in his case. Nor does he provide any other basis for us to conclude that the BIA abused its discretion in denying his motion for reconsideration.

The petition for review is DENIED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

---

[7](...continued)
Ninth Circuit and one is, so far, agnostic. *Chen v. INS*, 195 F.3d 198, 203-04 (4th Cir. 1999) (citing with approval Ninth Circuit's analysis requiring less evidence of individualized persecution where there is a showing of egregious group persecution); *Makonnen v. INS*, 44 F.3d 1378, 1383 (8th Cir. 1995) (citing with approval Ninth Circuit's application of disfavored-group analysis); *see Sugiarto v. Holder*, 586 F.3d 90, 97 (1st Cir. 2009) (declining to decide whether disfavored-group approach is consistent with the First Circuit's rule "that evidence short of a pattern or practice of persecution will enhance an individualized showing of likelihood of a future threat" (quotation and brackets omitted)).