FILED
United States Court of Appeals
Tenth Circuit

March 17, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOEL CANALES-ENRIQUE,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 13-9554
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**BALDOCK**, Circuit Judge.

Petitioner, a native of Mexico, seeks review of the denial of his motion for

reconsideration by the Board of Immigration Appeals (BIA).  We deny the petition.

Petitioner was admitted to the United States in 2000 as a nonimmigrant visitor,

which allowed him to stay for only seventy-two hours.  In 2009, the government

---

[*]       After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

initiated removal proceedings against him. Petitioner conceded removability and applied for asylum, restriction on removal, and relief under the Convention Against Torture (CAT). He claimed eligibility for asylum on account of being a member of a particular social group, namely his brother Miguel's family. Miguel was formerly a sheriff in Mexico, and Petitioner claimed that drug cartels in Mexico had threatened Miguel and his family in 2007. The immigration judge (IJ) ruled that petitioner's asylum request was untimely. *See* 8 U.S.C. § 1158(a)(2)(B) (requiring asylum application be filed within one year after arrival in the United States). The IJ also determined that Petitioner failed to establish changed country circumstances to excuse the untimely filing. *See id*. § 1158(a)(2)(D) (permitting deadline to be tolled if changed country circumstances materially affect eligibility).

Alternatively, the IJ ruled that even if Petitioner's asylum application had been timely, he had not established eligibility for asylum. *See Karki v. Holder*, 715 F.3d 792, 800-01 (10th Cir. 2013) (explaining a petitioner must demonstrate that he is unable or unwilling to return to his country because he has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion). The IJ found no evidence that Petitioner or his wife and children had ever been threatened or harmed, or were even known by any criminal organization in Mexico. The IJ noted that Miguel frequently visited the United States, yet had never applied for asylum himself. Further, the IJ found Petitioner had not established any link between his

allegations and persecution of account of any of the five statutory bases. The IJ noted that, although a family can constitute a particular social group, the only members of Miguel's family who had been threatened were Miguel's wife and children. Finally, the IJ concluded that because Petitioner had failed to establish an asylum claim, he had necessarily failed to meet the higher standard for restriction on removal, nor had he produced evidence that he would be tortured in Mexico to support his claim for protection under the CAT.

Petitioner appealed to the BIA, which dismissed his appeal in a January 17, 2013 decision. The BIA provided its own analysis, and also concluded that Petitioner's asylum claim was untimely and that he had not demonstrated eligibility for asylum, restriction on removal or protection under the CAT. The BIA noted that the drug cartel threatened Miguel because he confiscated their drugs, not on account of any statutorily protected ground. *See Maatougui v. Holder*, 738 F.3d 1230, 1241 (10th Cir. 2013) ("[G]reater lawlessness in general does not show persecution of a protected class, as is required for asylum relief.").

Petitioner did not seek judicial review of the BIA's decision. Instead, he filed a motion for reconsideration. He argued the BIA erred in finding no changed country circumstances that would warrant tolling; in ruling a family was not a "particular social group"; in ruling Petitioner's fear was not objectively reasonable; and in finding that he had not shown he would be targeted by the Mexican government. The BIA denied reconsideration on April 12, 2013. It ruled the Petitioner had not

identified error on the part of the BIA that would alter the outcome of his case. In particular, the BIA stated that Petitioner's evidence had not established a well-founded fear of persecution on account of any protected ground, including "the particular social group" ground. Thus, it stated it was not persuaded to alter its January 17 order.

On appeal, Petitioner claims the BIA erred in denying his motion for reconsideration. He claims the IJ erred in ruling he was not a member of a particular social group and that he had not established changed country circumstances. He further argues the BIA ignored the errors that he challenged in his motion for reconsideration. Petitioner's brief focuses entirely on the BIA's analysis and decision in its January 17 decision, in a clear attempt to seek review of that order, not the denial of reconsideration. In other words, it appears that Petitioner is using the motion for reconsideration as a belated appeal from the order of removal. To the extent Petitioner challenges the merits of BIA's January 17, 2013 order, we lack jurisdiction to review that order because Petitioner "did not timely file a petition for review from that order within thirty days as required by 8 U.S.C. § 1252(b)(1)." *Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004).

To the extent Petitioner is challenging the denial of his motion for reconsideration, our review is for abuse of discretion. *Belay-Gebru v. INS*, 327 F.3d 998, 1000 n. 5 (10th Cir. 2003). "'A motion to reconsider is a request that the [IJ or BIA] reexamine its decision in light of additional legal arguments, a change of law,

- 4 -

or perhaps an argument or aspect of the case that was overlooked." *Sosa-Valenzuela v. Holder*, 692 F.3d 1103, 1110 (10th Cir. 2012) (quoting *Matter of Cerna*, 20 I. & N. Dec. 399, 402 n.2 (BIA 1991)). The BIA did not rule that a family cannot be a "particular social group," as Petitioner argued on reconsideration, but ruled, as it again explained, that Petitioner failed to present *evidence* of persecution on account of any protected class. Petitioner's motion for reconsideration simply rehashed his prior arguments. Nothing in Petitioner's briefs or the administrative record persuade us that the BIA abused its discretion in denying his motion. *See Infanzon*, 386 F.3d at 1362 ("The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements.").

To the extent Petitioner challenges the merits of the BIA's January 17, 2013, order dismissing his appeal, we dismiss the petition for review for lack of jurisdiction. To the extent Petitioner challenges the BIA's order of April 12, 2013, denying his motion for reconsideration, we deny the petition for review.

Entered for the Court

Bobby R. Baldock
Circuit Judge

- 5 -