FILED
United States Court of Appeals
Tenth Circuit

March 10, 2015

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

JULIO CESAR LOPEZ-GARCIA,
a/k/a Alan Antonio Perez,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 14-9535
(Petition for Review)

## ORDER AND JUDGMENT[*]

Before **BRISCOE**, Chief Judge, **LUCERO** and **MATHESON**, Circuit Judges.

An immigration judge (IJ) ordered petitioner Julio Cesar Lopez-Garcia

removed to El Salvador; pretermitted his application for asylum; and denied his

applications for temporary protected status (TPS), withholding of removal, and relief

under the Convention Against Torture (CAT). Mr. Lopez appealed to the Board of

Immigration Appeals (Board or BIA). The BIA dismissed his appeal. He then filed a

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

motion for reconsideration. The BIA construed his motion as one for both reconsideration and reopening and denied it. Mr. Lopez now petitions for review of the BIA's decision. We deny his petition for review in part and dismiss in part for lack of jurisdiction.

## I. BACKGROUND

Mr. Lopez is a citizen and native of El Salvador. He entered the United States on or about January 20, 2001, without inspection and has resided in this country ever since.[1] In 2002, he filed an application for TPS, which was rejected. He refiled the application in 2003, and it was again rejected.

On November 5, 2008, the Department of Homeland Security issued a notice to appear charging him with being an alien unlawfully present in the United States without inspection and subject to removal. He conceded the charge but filed an asylum application, which the IJ considered in connection with his removal proceedings.

At the hearing on his asylum application, Mr. Lopez testified that he worked for a bus company in El Salvador from 1995 until September 2000. He was assigned to a bus line that ran from Sonsonate to San Salvador. Gangs regularly extorted money from him while he was driving his route. Mr. Lopez and his employer went to the police about the extortion. But according to Mr. Lopez, the police did nothing.

---

[1] In his asylum application, Mr. Lopez stated he arrived in the United States one month earlier, on December 20, 2000. This discrepancy is not material to the petition for review.

- 2 -

Mr. Lopez paid the gang members money until one day when he did not have any. When he failed to pay that day, the gang members beat and threatened to kill him.

Mr. Lopez stated he did not go to the hospital after the beating because he could not afford it and because "my mother took care of me." Admin. R. at 246. He said he knew of other bus drivers who had been harmed or killed by gang members. He also related that someone killed his step-father in El Salvador in December 2010. Although the perpetrators were never caught, Mr. Lopez believes they were gang members. To support his request for asylum, Mr. Lopez claimed to be a member of a social group of "individuals who are subject to gang violence, threats of violence and actual harm as a result of their employment through public transportation." *Id.* at 94.

Soon after the beating incident on the bus, Mr. Lopez decided to come to the United States. His counsel explained that Mr. Lopez did not file an asylum application until he was in removal proceedings because he believed that he was in valid status due to his application for TPS.

In her decision, the IJ found that (1) Mr. Lopez failed to meet his burden to establish eligibility for TPS; (2) his application for asylum was untimely under the one-year filing deadline without adequate excuse; (3) he was not otherwise eligible for either asylum or withholding of removal because he failed to demonstrate that "the harm he suffered in the past or the harm that he fears in the future is on account

- 3 -

of one of the five enumerated [statutory] grounds," *id.* at 96;[2] and (4) he failed to demonstrate, in connection with his application for CAT relief, that it was more likely than not that he would be tortured if removed to El Salvador. The IJ therefore denied the relief Mr. Lopez requested but granted him voluntary departure. The BIA agreed with the IJ's analysis and dismissed Mr. Lopez's appeal.

Mr. Lopez then filed a motion for reconsideration with the BIA. In the motion, he asserted that he would be "persecuted on account of his membership in a particular social group, an orphan." *Id.* at 28. He asked the Board to determine that his circumstances of being an orphan and suffering from post-traumatic stress disorder (PTSD), dysthymia, and anxiety, were extraordinary circumstances that should excuse his failure to file his asylum application within the one-year deadline. Although Mr. Lopez acknowledged he had previously failed to raise his status as an orphan, he contended the BIA should have considered the issue because it was implicit in his testimony before the IJ.

He attached an affidavit averring that he "was an orphan all living in the streets and at times slept at the bus stations" and "was abandoned by [his] family when [he] was 6 years old," that "[w]hen [he] was 8 years-old [he] would clean buses

---

[2] An applicant for asylum must show that he is a refugee; that is, that he is "unable or unwilling to return to, and is unable and unwilling to avail himself or herself of the protection of, [the] country [in which he last habitually resided] because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).

for food and tips," and that "[f]rom 8 years-old [he] was beaten and taken advantage of because [he] was an orphan." *Id.* at 33. Additionally, he attached a report from a licensed clinical social worker (LCSW) who had diagnosed him with post-traumatic stress disorder (PTSD), dysthymia, and anxiety.

Because he had submitted additional documentation with his motion for reconsideration, the BIA treated it as both a motion for reconsideration and a motion to reopen. But the BIA determined the LCSW's report was not previously unavailable and therefore did not provide a basis for reopening the proceedings. It rejected Mr. Lopez's claim to be an orphan as unsupported by and inconsistent with the record, noting that "[a]ffidavits submitted in support of [Mr. Lopez's] applications for relief were prepared by [Mr. Lopez], his mother, his step-father, and a sibling, all acknowledging [his] family ties." *Id.* at 3. Thus, he did not establish prima facie eligibility for relief that would warrant the reopening of proceedings. Finally, the BIA denied the motion for reconsideration because it failed to persuade the Board that "our prior decision in this case overlooked or erroneously decided any argument previously advanced" by Mr. Lopez. *Id.* at 4.

## II. **DISCUSSION**

We lack jurisdiction to review the BIA's underlying removal order because Mr. Lopez failed to file a timely petition for review from that order within the 30 days required by 8 U.S.C. § 1252(b)(1). *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004). The timely filing of a petition for review is "mandatory and

- 5 -

jurisdictional." *Stone v. INS*, 514 U.S. 386, 405 (1995) (internal quotation marks omitted). A motion to reopen or for reconsideration does not toll the time for filing a petition for review challenging the underlying merits decision. *See id.* at 405-06. Accordingly, we dismiss the petition for review to the extent it challenges any aspect of the BIA's order of November 6, 2013, denying relief.[3]

We do, however, have jurisdiction under 8 U.S.C. § 1252(a) to review the BIA's denial of Mr. Lopez's motion to reopen as a "final, separately appealable order." *Infanzon*, 386 F.3d at 1361. Similarly, we may review the denial of his motion for reconsideration. *See Stone*, 514 U.S. at 395 ("Upon denial of reconsideration, the petitioner [may] file a separate petition to review that second final order."). We review the denial of motions to reopen or to reconsider for an abuse of discretion. *See Infanzon*, 386 F.3d at 1362 (motion to reopen); *Belay–Gebru v. INS*, 327 F.3d 998, 1000 n.5 (10th Cir. 2003) (motion to reconsider).

Mr. Lopez argues he has shown his entitlement to asylum because he has a credible fear of future persecution, based on past persecution and his membership in the social group of "Individuals in El Salvador Who Are Orphans/Public Servants (Bus transportation) [Who Are Pressured] to Leave to Join Gangs." Pet. Opening Br. at 5. But the BIA upheld the IJ's denial of Mr. Lopez's asylum claim for a different,

---

[3] Mr. Lopez appears to challenge the BIA's underlying order of removal by including arguments in his opening brief that "both the IJ and BIA completely ignored the requests for TPS," Pet. Opening Br. at 1; that he provided sufficient proof of his continuous physical presence for TPS purposes, *id.* at 5, 13-14; and that the IJ did not give him sufficient time to present his asylum case, *id.* at 11.

threshold reason:  his application was untimely and he did not show extraordinary circumstances to excuse his untimely filing.  *See* 8 U.S.C. § 1158(a)(2)(B), (D) (establishing one-year deadline for filing of asylum application, but providing discretionary exception where alien demonstrates "extraordinary circumstances").  He fails to challenge that ruling in this petition for review.

Although he argued in his motion to reopen/reconsider that being an orphan and suffering from PTSD, dysthymia, and anxiety were extraordinary circumstances that should excuse his failure to file his asylum application within the one-year deadline, he does not renew that argument in his appellate briefing.  The unchallenged finding that he failed to file a timely application bars his asylum claim.  *See* 8 U.S.C. § 1158(a)(2)(B).

Assuming Mr. Lopez's argument that he belongs to a particular social group is also intended to encompass the denial of his request for withholding of removal—a claim not barred by the one-year deadline—he fails to challenge the BIA's conclusion that the record does not support his claim to be an orphan.[4]  As his status as an orphan was the sole social group argument he asserted in his motion to reopen and reconsider, he has presented no basis for concluding the BIA abused its discretion in denying the motion.

---

[4] Mr. Lopez makes no challenge to the BIA's resolution of his CAT claim.

## III. **CONCLUSION**

The petition for review is dismissed in part—to the extent it raises issues concerning the BIA's underlying removal order over which we lack jurisdiction—and is otherwise denied.

<div style="margin-left:auto;">

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

</div>