**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 29, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ELIAS CRUZ ACOSTA;
VERONICA CRUZ,

      Petitioners,

v.

MERRICK B. GARLAND,
United States Attorney General,[*]

      Respondent.

No. 20-9566
(Petition for Review)

_____

**ORDER AND JUDGMENT**[**]
_____

Before **MATHESON**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

The Board of Immigration Appeals (BIA) affirmed an immigration judge's (IJ)

decision denying petitioners' application for cancellation of removal.  They sought

reconsideration, which the BIA denied.  They now petition for review of the BIA's

---

[*] On March 11, 2021, Merrick B. Garland became Attorney General of the
United States.  Consequently, his name has been substituted for William P. Barr as
Respondent, per Fed. R. App. P. 43(c)(2).

[**] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

denial of reconsideration. We deny their petition in part, and dismiss in part for lack of jurisdiction.

## BACKGROUND

Petitioners are natives and citizens of Mexico. Elias Cruz Acosta entered the United States in 1997 and Veronica Cruz entered this country in 1998. After their arrival they had two children whom they allege to be United States citizens. In October 2009 the Department of Homeland Security issued petitioners notices to appear, charging they were removable because they had entered the United States without being lawfully admitted or paroled. Petitioners admitted the factual allegations in the notices to appear and conceded their removability, but they sought cancellation of removal relief.

To be eligible for a discretionary grant of cancellation of removal under 8 U.S.C. § 1229b(b)(1), a noncitizen must meet four criteria: (1) continuous physical presence in the United States for at least ten years before the application, (2) good moral character during the same period, (3) no convictions for certain crimes specified elsewhere in the Immigration and Nationality Act, and (4) "that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." *Id.* § 1229b(b)(1)(A)-(D). The IJ held a hearing on petitioners' cancellation applications and determined that they met each of these criteria except the fourth: exceptional and extremely unusual hardship to their United States citizen children.

2

The IJ found that if the petitioners were removed, their children, a son who was then 17 and a daughter then 14, would remain in the United States. The resulting family separation would create hardship for both children. But the children had family in their area with whom they could live. The IJ further reasoned that any separation would "not be for a significant period of time" because "[t]he parents entered the United States without inspection many years ago," had "never left the United States," and there would therefore "be no bar to their reentry into the United States if they voluntarily depart the United States." Admin. R., vol. 1 at 109. Once their 17-year-old son turned 21, the IJ concluded, he could sponsor petitioners to return to the United States, resulting in a brief separation and hardship that would not "be substantially beyond the ordinary hardship that would be expected when a close family member leaves the United States." *Id.*

Petitioners appealed to the BIA. Their former counsel, who pursued the appeal on their behalf, argued that in making his hardship determination the IJ had failed to give proper weight to the hearing testimony and had failed to account for the totality of the circumstances. Counsel's argument focused on the health issues faced by one of the children and the inability of the children's relatives to fully replace the emotional, financial, and physical support they would receive from petitioners.

In a summary decision without opinion, the BIA affirmed the IJ's result. It also granted voluntary departure. Through new counsel, petitioners then filed a timely motion to reconsider with the BIA. They argued the BIA had "erroneously relied on [the I.J.'s] incorrect recital of the law surrounding unlawful presence,

3

voluntary departure, and the . . . [ten-year bar]" and therefore "did not properly assess the extreme hardship [petitioners'] children would endure if [petitioners] were removed from the United States." Admin. R., vol. 1 at 22.

Petitioners argued their son could not successfully sponsor their return when he turned 21. This is because by departing the United States they would automatically become ineligible to seek readmission to this country for ten years. *See* 8 U.S.C. § 1182(a)(9)(B)(i)(II) (making noncitizen who has not been lawfully admitted for permanent residence and who "has been unlawfully present in the United States for one year or more" inadmissible "within 10 years of the date of such alien's departure or removal from the United States"). Thus, they argued, their qualifying relatives faced greater hardship than the IJ recognized.

The BIA denied the motion. It reasoned that petitioners' argument about voluntary departure had become moot because that relief automatically terminated when they filed for reconsideration. The BIA further noted that petitioners "did not raise this issue in their appellate brief or their Notice of Appeal, and a motion to reconsider is not a vehicle to raise or argue issues that could, or should, have been presented previously." *Id.* at 4. Finally, it ruled that "any mistake was not material as the family separation that the [petitioners] would experience is not substantially beyond that which one would expect to result from the departure of aliens with children in the United States." *Id.*

## DISCUSSION

We review the agency's denial of a motion for reconsideration for an abuse of discretion. *See Belay–Gebru v. INS*, 327 F.3d 998, 1000 n.5 (10th Cir. 2003). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Tang v. Ashcroft*, 354 F.3d 1192, 1194 (10th Cir. 2003) (internal quotation marks omitted).

Petitioners complain the BIA unreasonably concluded their entire argument concerning the ten-year bar was moot, relying on the fact that the grant of voluntary departure had terminated. The BIA did not err in concluding that at the time of its reconsideration decision, voluntary departure was no longer a factor in determining petitioners' ability to return to this country. *See* 8 C.F.R. § 1240.26(b)(3)(iii) ("If the alien files a post-decision motion to reopen or reconsider during the period allowed for voluntary departure, the grant of voluntary departure shall be terminated automatically, and the alternate order of removal will take effect immediately."). But that is not the real issue here. As petitioners point out, their argument is that the IJ failed to recognize that the ten-year bar applied to them *regardless* of whether their departure was voluntary or involuntary. *See Montano-Vega v. Holder*, 721 F.3d 1175, 1177 (10th Cir. 2013) (analyzing effects of "unlawful presence" on noncitizen's ability to apply for readmission).[1] If the IJ's conclusion that there would

---

[1] The Attorney General does not appear to contest this interpretation of § 1182(a)(9)(B)(i). *See* Resp. Br. at 23 n.6.

be "*no* bar to [petitioners'] reentry into the United States," Admin. R., vol. 1 at 109 (emphasis added), was incorrect as a matter of law, his legal error may have improperly skewed his analysis of the hardship determination. Thus, the BIA's "mootness" analysis failed to adequately resolve the issue presented in the motion for reconsideration.

But the BIA provided two other, independent reasons for denying reconsideration: (1) petitioners had failed to raise the ten-year bar issue previously in their appeal, although they could have done so; and (2) even if the IJ was wrong about the length of the time petitioners would be separated from their children, that mistake was not material to the hardship determination. Because the second reason justifies the BIA's denial of reconsideration, we need not address the BIA's other conclusion (concerning petitioners' failure to raise the issue in their underlying BIA appeal).

Petitioners attempt to challenge the BIA's alternative reasoning. But they face a jurisdictional hurdle in doing so. By concluding that any error by the IJ did not affect the hardship analysis, the BIA essentially determined that regardless of the IJ's legal error petitioners had failed to show exceptional and extremely unusual hardship. As a general matter we lack jurisdiction to review the agency's hardship determinations. *See Galeano-Romero v. Barr*, 968 F.3d 1176, 1181 (10th Cir. 2020) (under 8 U.S.C. § 1252(a)(2)(B)(i), this court lacks "jurisdiction to review the discretionary aspects of a decision concerning cancellation of removal" including "the determination of whether the petitioner's removal from the United States would

6

result in exceptional and extremely unusual hardship to a qualifying relative" (internal quotation marks omitted)). This is true even when the challenge reaches us through a petition for review of the BIA's denial of reconsideration. *Cf. Alzainati v. Holder*, 568 F.3d 844, 849 (10th Cir. 2009) ("Because § 1252(a)(2)(B)(I) precludes our review of an 'exceptional and extremely unusual hardship' determination under § 1229b(b)(1)(D), it also precludes our jurisdiction to review the BIA's denial of a motion to reopen because the alien still has failed to show the requisite hardship.").

We do have jurisdiction to review colorable constitutional claims and questions of law that arise in connection with the hardship determination. *See Galeano-Romero*, 968 F.3d at 1182 (citing 8 U.S.C. § 1252(a)(2)(D)). But petitioners do not adequately present any such issues that affect the BIA's alternative holding.[2] They argue instead that the BIA's hardship analysis "fails to acknowledge reality and the totality of circumstances in the record," Pet. Br. at 14, essentially asking us to second-guess the depth of the BIA's analysis and the correctness of its conclusions. We lack jurisdiction to do so. *See Galeano-Romero*, 968 F.3d at 1182 ("A petition for review does not raise a question of law by disputing the Board's

---

[2] Petitioners complain that the BIA failed to "address the law or in any way acknowledge that an error exists in the IJ's decision." Pet. Br. at 12. But the BIA did not fail to address their argument or the law; instead, it noted their argument and concluded that "any mistake [by the IJ] was not material." Admin. R., vol. 1 at 4. They also argue their previous counsel provided deficient representation. But they fail to show they exhausted this claim by including it in their motion to reconsider. *See, e.g.*, *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010) ("It is a fundamental principle of administrative law that an agency must have the opportunity to rule on a challenger's arguments before the challenger may bring those arguments to court.").

appraisal of the degree of hardship . . . ."); *id.* at 1184-85 ("An alien does not present a colorable constitutional claim . . . by arguing that the evidence was incorrectly weighed, insufficiently considered, or supports a different outcome." (internal quotation marks omitted)).

Petitioners also make a conclusory argument that the BIA denied them due process by failing to provide them with a "full and fair review." Pet. Br. at 14. But this assertion fails to present a colorable constitutional claim. *See Galeano-Romero*, 968 F.3d at 1185 (concluding noncitizen failed to raise a colorable constitutional claim by arguing that the BIA's failure to consider all the relevant factors, allegedly in light of overwhelming evidence that warranted a favorable exercise of discretion, violated his due-process rights).

**CONCLUSION**

The BIA rejected petitioners' argument that their removal would result in exceptional and extremely unusual hardship to their qualifying relatives. To the extent they challenge that determination, we dismiss the petition for review in part for lack of jurisdiction. To the extent petitioners attempt to raise challenges to the BIA's hardship determination that we have jurisdiction to review, those challenges lack merit and we deny the petition in part concerning them.

Entered for the Court


Joel M. Carson III
Circuit Judge


8