**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 8, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

LADY CARLINA RAMIREZ-ROJAS;
JUAN RAUL MORA-RAMIREZ;
LYANNE CELESTE MORA-RAMIREZ,

    Petitioners,

v.

TODD BLANCHE,* Acting United States
Attorney General,

    Respondent.

No. 25-9550
(Petition for Review)

_____

**ORDER AND JUDGMENT****

_____

Before **TYMKOVICH**, **BALDOCK**, and **MORITZ**, Circuit Judges.

_____

    * On April 2, 2026, Todd Blanche became Acting Attorney General. Consequently, his name has been substituted for Pamela J. Bondi as Attorney General, per Fed. R. App. P. 43(c)(2).

    ** After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Lady Carlina Ramirez-Rojas petitions for review of the Board of Immigration Appeals (BIA) order denying her motion to reopen her removal proceedings.[1] We deny in part and dismiss in part her petition for review.

## I. BACKGROUND

Petitioner is a native and citizen of Colombia who entered the United States without inspection in January 2023. The Department of Homeland Security commenced removal proceedings against Petitioner by filing a Notice to Appear (NTA) with the Denver Immigration Court. Through counsel, Petitioner admitted the factual allegations and conceded removability as charged in the NTA. Based on her admissions and concession, the immigration judge (IJ) found her removable. Seeking relief from removal, Petitioner applied for asylum, withholding of removal, and protection under the Convention Against Torture.

In 2024, the IJ held a hearing on the merits of Petitioner's application. The IJ subsequently denied relief and ordered her removal. Petitioner's appeal to the BIA was due by September 13, 2024. Her counsel attempted to file an appeal on the deadline, but the BIA rejected it due to filing defects. A few days later, Petitioner's counsel again attempted to file an appeal, and the BIA again rejected it due to filing defects.

On November 8, 2024, Petitioner's counsel filed a corrected appeal and a motion to accept the late filing. On December 5, 2024, finding that the motion failed

---

[1] Petitioner's minor son and daughter are derivative beneficiaries of her asylum application. They present no claims or arguments distinct from hers.

to explain the delay in refiling and did not establish that equitable tolling was warranted, the BIA denied the motion and summarily dismissed Petitioner's untimely appeal. The BIA's dismissal order rendered the IJ's removal order administratively final.

Petitioner timely moved the BIA to reconsider its dismissal of her appeal, which the BIA denied. The BIA explained that because the motion for reconsideration provided arguments about the delay in refiling that Petitioner did not present in her motion to accept the late filing, those arguments were not properly before it on reconsideration. The BIA also said that even if it construed the motion for reconsideration as a motion to reopen based on new evidence, the motion would still be denied because Petitioner failed to provide supporting evidence.

On March 21, 2025, Petitioner filed a motion to reopen the BIA's order dismissing her appeal. The BIA denied the motion to reopen as untimely. The BIA also declined to exercise its sua sponte authority to reopen the proceedings.

## II. DISCUSSION

### A. Motion to Reopen

We have jurisdiction to review a noncitizen's appeal of the BIA's denial of a motion to reopen removal proceedings. 8 U.S.C. § 1252(a)(1) (granting courts of appeals jurisdiction to review "final order[s] of removal"); *Mata v. Lynch*, 576 U.S. 143, 147 (2015) (jurisdiction under § 1252(a)(1) "encompasses review of decisions refusing to reopen or reconsider" final removal orders).

3

We review the denial of a motion to reopen for an abuse of discretion. *Maatougui v. Holder*, 738 F.3d 1230, 1239 (10th Cir. 2013). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (internal quotation marks omitted).

In general, a motion to reopen must be filed within ninety days of the final administrative removal order. 8 U.S.C. § 1229a(c)(7)(C)(i). Here, the BIA entered the final administrative removal order on December 5, 2024, so Petitioner needed to file her motion to reopen by March 5, 2025, or demonstrate eligibility for an exception to the deadline. But Petitioner did not file her motion to reopen until March 21—over two weeks after the ninety-day deadline had passed—and did not argue that an exception to the deadline applied. Therefore, the BIA did not abuse its discretion when it denied Petitioner's motion to reopen as untimely.

## B. Sua Sponte Reopening

In general, we lack "jurisdiction to consider [a] petitioner's claim that the BIA should have exercised its *sua sponte* power to reopen" removal proceedings. *Belay-Gebru v. INS*, 327 F.3d 998, 1000 (10th Cir. 2003); *see also Jimenez v. Sessions*, 893 F.3d 704, 708–09 (10th Cir. 2018). The absence of regulatory restrictions on this power means "we have no meaningful standard against which to judge the BIA's exercise of its discretion." *Belay-Gebru*, 327 F.3d at 1001.

4

Petitioner has not shown that her claim represents an exception to our general lack of jurisdiction over the BIA's discretionary decision not to reopen a case sua sponte.  Hence, we lack jurisdiction to review it.

### III.  CONCLUSION

As we lack jurisdiction to review Petitioner's claim pertaining to the BIA's discretionary decision not to reopen her proceedings sua sponte, we dismiss in part her petition for review.  And for the reasons discussed above, we deny the remainder.

Entered for the Court

Nancy L. Moritz
Circuit Judge